# C. I. T. Corporation v. House et al.

(Decided Feb. 15, 1935.)

MORRIS B. GIFFORD for appellant.

LEO J. SANDMANN, MARSHALL B. HARDY, S. MERRILL RUSSELL and ANDREW M. SEA, Jr., for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This case comes before us on appeal brought by the plaintiff below, the C. I. T. Corporation, from a judgment of the Jefferson circuit court, chancery branch, dismissing its petition.

In August, 1930, the C. I. T. Corporation filed a suit in the Jefferson circuit court, chancery branch, against C. B. House, the appellee, seeking recovery upon certain of his past-due notes held by it, amounting to $2,215, and interest. In September, 1930, during the pendency of the action, plaintiff caused to be issued and levied an attachment upon the equity of the defendant House in certain mortgaged property owned by him, located on Virginia avenue in Louisville, Ky. At the same time, plaintiff caused to be filed in the office

of the clerk of the Jefferson county court a lis pendens notice of its lien upon said property by reason of its attachment levied thereon.

In January, 1931, plaintiff recovered a personal judgment against the defendant House for the amount sued for of $2,215, with interest and costs, and an order sustaining the attachment and levy thereof on defendant's property.

It appears that no further steps having been taken, in this action, looking to the enforcement of the judgment and attachment lien against defendant's mortgaged property, the defendant C. B. House, in October, 1933, conveyed the same, through a trustee, to his wife, Hulda G. House, by deed acknowledging receipt of a valuable consideration therefor.

Thereafter, in February, 1934, the grantee of the property, Hulda G. House, joined by her husband and grantor, C. B. House, executed and delivered to the defendant and appellee Home Owners' Loan Corporation their mortgage on the aforesaid property to secure payment of a loan then made by it of $5,352 to Mrs. House.

March, 1934, the plaintiff, C. I. T. Corporation, abandoned its original action for collecting its judgment and enforcing its attachment lien by further appropriate proceedings had therein and filed this, a further and independent suit in equity, wherein it set out the proceedings had in the former suit and alleged that, subsequent to its recovering judgment therein against the defendant C. B. House for its debt and sustaining its attachment lien upon the involved property of the defendant House, the same had been fraudulently conveyed by him to his wife, the defendant Hulda G. House; and that she had then mortgaged the property to the defendant Home Owners' Loan Corporation to secure a loan then negotiated by her with it for some $5,000. The petition further alleged that although the description of the property given in the issued attachment and levy return and in its lis pendens notice thereof was erroneous, it was yet effective to secure an attachment lien thereon prior to the rights of Hulda G. House therein, who took under a fraudulent deed to it and with actual knowledge thereof, and also that its lien was prior to the mortgage lien of the Home Owners'

Loan Corporation, whose mortgage was taken upon the property at a time when it was charged with constructive notice of plaintiff's attachment lien.

Upon such facts and grounds stated in the petition, it prayed that:

"(1)   The conveyance to the defendant, Hulda G. House, be declared void insofar as the claim of plaintiff is concerned, and,

"(2)   The plaintiff's lien on said property be adjudged prior and superior to any lien or claim of defendant, Home Owners' Loan Corporation, or of defendant, Hulda G. House."

Upon demurrer filed to the petition by the defendant Home Owners' Loan Corporation, the learned chancellor, in sustaining it, in his opinion referred to and criticized the petition, apparently on the ground or because of the declaratory relief prayed for, as one brought under the Declaratory Judgment Act (Civil Code Prac. sec. 639a-1 et seq.) to obtain a declaration by the court of the law to be followed in enforcing its lien and judgment in another or the original action and adjudged that the court was without jurisdiction to grant the relief here thus sought, either by the petition or by defendant House's counterclaim, in such declaratory action, and dismissed the petition and counterclaim, with leave given plaintiff to amend and set up its alleged lien, attachment and execution and its alleged right to have the conveyance from House to his wife set aside, or to sue by a plenary suit in equity and with further leave "to any party hereto or that might be hereafter joined to plead to such plenary suit when or if set up by amendment."

Plaintiff declining to plead further, its petition was dismissed.

Complaining of the chancellor's ruling in this, it has appealed.

Appellant contends that its suit dismissed by the chancellor was not one brought under the Declaratory Judgment Act, but a plenary suit in equity and such an one as authorized by the judgment to be brought against all parties claiming to hold interests in or liens upon the property involved, and as to which it was necessary to have a predetermination of their validity or priority

in order to secure an equitable adjudication of its right to have enforcement or judgment by sale of the property therefor. It claims that its suit filed, being such in its nature and relief sought—though declaratory in form—is in effect a new plenary suit in equity of the character the chancellor decreed it should now bring and sets up its alleged lien and makes all other lien-holders and parties in interest defendants. Appellant, insisting that such is the nature of its suit in equity it has here before us, contends that the court erred in dismissing it.

The court adjudged that this suit, which sought a declaration as to the priority of plaintiff's attachment lien and the setting aside of House's deed, be dismissed upon the ground that such relief should have been sought in the original action by appropriate amended pleadings, proof, etc.

Plaintiff having remained idle for nearly three years, without attempting to secure enforcement of the rights adjudged it, and during which intervening period new rights are claimed to have been acquired in the attached property, it is apparent that a determination of the priority of the now conflicting rights between plaintiff and such subsequent claimants is required before plaintiff can be entitled, if then, to have adjudged an enforcement of its attachment lien against the property, as being a superior lien to the claimed rights in the property of these subsequent claimants.

From a mature consideration of the pleadings filed herein, it is disclosed that the ultimate relief sought by plaintiff was the collection of its judgment, by enforcing satisfaction of its attachment lien by a sale of defendant's property, claimed to be in lien to it thereunder. The question as to the challenged rights of new parties in the attached property subsequently intervening and affecting the claimed priority of plaintiff's right therein under its attachment lien presented a matter of exclusively equitable cognizance and determination. Civil Code Prac. sec. 694. Whereupon it became necessary that the chancellor should determine the priority of these conflicting claims in equity. Looking to the end of obtaining a final and equitable judgment, determining the disputed validity or priority of these conflicting claims, we are of the opinion that these new pleadings should have been presented in the original action by

appropriate amendment, making all parties claiming liens or interests in the involved property defendants therein. We are of the opinion that the determination of such right could and should be prosecuted in the original action wherein the right sought to be enforced arose, to the end that circuity and multiplicity of actions might be avoided, by not filing new and unnecessary additional suits, for securing final and equitable judgment available by amendment in the original action.

Therefore, the judgment of the learned chancellor dismissing this new and independent suit, whether it be regarded as a plenary suit in equity seeking such relief or as one merely seeking a declaration of rights, rather than for both their determination of priority and enforcement, being in harmony with our view, the same is affirmed, and the suit ordered dismissed without prejudice to the rights of the parties to properly proceed to such end in the original action.