Joe H. JOHNSON et al., Appellants,

v.

Vada J. WALDEN, Appellee.

Court of Appeals of Kentucky.

Nov. 15, 1968.

———◆———

Douglas Carter and Paul Carter, Tompkinsville, for appellants.

William E. Allender, Bowling Green, for appellee.

CULLEN, Commissioner.

In Walden v. Johnson (1967), Ky., 417 S.W.2d 220, this court held that Vada J. Walden, an Indiana-domiciled maternal aunt of six-year-old Timothy Paul Johnson, had the immediate legal right to the possession of Timothy, and that she was entitled to judgment awarding her such possession in her *habeas corpus* action in Monroe County, Kentucky, against the Kentucky-domiciled paternal grandparents. Upon issuance of our mandate on that appeal the circuit court did enter judgment as we directed. However, when Mrs. Walden thereafter came to Kentucky to obtain possession of Timothy from the grandparents she was served with a summons in an *equity suit* brought by the grandparents to determine the question of ultimate custody. She filed a motion to quash the service of the summons and a motion to dismiss the suit for lack of jurisdiction. Both motions were sustained and judgment was entered dismissing the suit. The grandparents are here appealing from that judgment.

As concerns the ruling on the motion to dismiss, perhaps the issue was not strictly one of "jurisdiction" in its most limited sense. We held in Batchelor v. Fulcher (1967), Ky., 415 S.W.2d 828, that mere presence of the child in the state may constitute a basis of "jurisdiction" to determine permanent custody, "upon which the court may proceed in a proper case." As indicated by the quoted language, and by our opinion in Walden v. Johnson, the issue really is whether the court will *assert* or *assume* jurisdiction.

In Walden v. Johnson we expressed our opinion in clear and positive language that this case was not a proper one for the exercise by the Kentucky courts of jurisdiction to determine ultimate custody. We consider that to be the law of this case. Accordingly the action of the circuit court in dismissing the suit was proper.

Since we are holding that the circuit court properly sustained the motion to dismiss it is unnecessary for us to pass on the question of whether the sustaining of the motion to quash the service of summons was proper.

The judgment is affirmed.

All concur.