Jean **OGDEN**, Appellant,

v.

Edward **DOSS**, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1972.

James F. Clay, Jr., Clay & Clay, Danville, for appellant.

Cecil C. Sanders, Lancaster, for appellee.

STEINFELD, Chief Justice.

On June 24, 1971, appellee Edward Doss, a resident of Ohio, filed in the Garrard Circuit Court a petition for a writ of habeas corpus seeking to gain possession of Eddie Doss, Jr., sometimes referred to as Edward Shane Ogden, an infant 18 months

old. The respondents, John and Reba May, Kentucky residents who are husband and wife, contesting the right of Doss to obtain the child filed an affidavit of appellant Jean Ogden, hereinafter referred to as Jean, in which she swore that on October 19, 1969, the child was born out of wedlock, but that she ". . . was living sporadically with Edward Doss . . ." Among other things, she swore that she gave custody of the child to the Mays and that the child had been in their Kentucky home since Thanksgiving of 1970. Mr. May is Jean's uncle.

On June 30, 1971, after a hearing, the court found ". . . there is abundant evidence at the time of a common law marriage in Ohio between the parties but no conclusive evidence as to whether Jean Ogden was married or single when the common law marriage was consumated (sic) . . ." It ordered that the application be continued until proof could be offered on that subject; meanwhile, it directed that the child remain in the custody of Mr. and Mrs. May.

On July 10, 1971, Jean tendered an intervening complaint seeking permission to intervene. She demanded that judgment be entered ". . . declaring the plaintiff to be neither the father of Edward Shane Ogden nor the husband of the intervening plaintiff, or, in the alternative, should the plaintiff be declared the father of the child or the husband of the intervening plaintiff for support for the infant child and alimony for the intervening plaintiff, for custody of the infant child . . .," for her costs and a fee for her attorney. On September 27, 1971, the court authorized the intervention. According to its order Doss produced testimony that Jean was not married to anyone else at the time the common law marriage was consummated with him. (No transcript of evidence was filed.)

On September 23, 1971, Jean served upon counsel for Doss an affidavit which was termed "Avowal", in which she related occurrences pertaining to the surrender of

the child to and its residence in the home of Mr. and Mrs. May. She avowed that in January 1971 the Garrard Circuit Court ordered that custody of the infant be granted immediately to Doss; however, the execution of the judgment was stayed for 10 days ". . . to allow the intervening plaintiff to seek interlocutory relief in the Court of Appeals of Kentucky or to appeal the judgment." The order of that date shows that Jean moved ". . . for a hearing upon the permanent custody of her child and for alimony and support pursuant to her prayer and motion . . ." The order overruling the motion stated that the court ". . . is of the opinion that the intervening plaintiff has given up the child and has instituted proceedings in the courts of Ohio which should be used to determine custody." We construe the decision to have determined that as between Doss and the Mays the father of the child was entitled to its possession and that as between Doss and Jean the Ohio court should determine custody of the child. Notice of Jean's appeal was given, which was timely filed, naming as parties only Jean and Doss. Interlocutory relief was unsuccessfully sought here and Doss moved to dismiss the appeal. We passed that motion for consideration with the merits.

Appellant argues that because of our pronouncement in Galloway v. Pruitt, Ky., 469 S.W.2d 556 (1971), she was entitled to an evidentiary hearing. The record shows that some evidence was heard on the application for a writ of habeas corpus. It also reveals that the infant had significant contact with this state. He had been here with his mother and the Mays for more than seven months. Galloway sustains the right of the trial court to grant custody to the man if found to be the legitimate father. See Lewis v. Lewis, Ky., 471 S.W.2d 290 (1971), re the right to an evidentiary hearing. Appellant also relies on Scott v. Scott, Ky., 445 S.W.2d 871 (1969), and Estes v. Estes, Ky., 464 S.W.2d 813 (1971), and complains that "The effect of the judgment is to determine the appel-

lant's marital status while denying to her the relief that status entitles her to have" and she insists that she was entitled to an evidentiary hearing and to a determination of her rights for alimony, support and custody of the child. She makes no argument and cites no cases on the effect of the proceedings she instituted in Ohio as these proceedings relate to her efforts here for an adjudication of either the same or similar questions. The trial court may have had jurisdiction to try all these issues, a question we need not determine, because it had discretion to defer to the pending Ohio suit which Jean had brought in which she may obtain all the relief she seeks. Johnson v. Walden, Ky., 434 S.W.2d 47 (1968). Cf. C.I.T. Corp. v. House, 258 Ky. 86, 79 S.W.2d 392 (1935); 1 C.J.S. Abatement and Revival § 43, p. 71. Finding no error, we are of the opinion that the judgment of the trial court should be and it is affirmed. It is therefore unnecessary for us to pass upon appellee's motion to dismiss the appeal.

All concur.