# Wright v. Wright.

October 28, 1947.

Jim Sowards, Judge.

Edwin V. Holder for appellant.

Norman W. Bowman for appellee.

Opinion of the Court by Judge Siler—Affirming.

D. L. Wright, appellee, having recovered, under writ of habeas corpus proceedings, judgment for possession of the child of himself and of his former wife, Lila Lee Wright, appellant, the latter now brings us this appeal under provisions of Sec. 429-1, Ky. Code Criminal Practice, as extended by Acts of 1940.

Mrs. Wright contends that the chancellor's judgment is manifestly erroneous when considered specifically in relation to the welfare of the child itself, which is a little girl of 4½ years.

In order to understand this case, it is necessary for us to look toward the background of these present proceedings. On September 1, 1945, D. L. Wright obtained, in the forum of the very same identical court as that of his present proceedings, a divorce judgment from Mrs. Wright, together with a custody award of this child. The custody award provided that the child was to be kept in the home of its paternal greataunt, a Mrs. Ferguson who had reared D. L. Wright himself, and it further provided that Mrs. Wright was to have the right to see and visit the child at all times and never suffer any alienation of the child's affections through any person's persuasive artifice. Mrs. Wright immediately executed a supersedeas bond and procured a supersedeas and thus completely suspended all effects of that award of September 1, 1945. She thereby continued her actual custody of this child and maintained in that respect the very same status which preceded the award of September 1, 1945. Ostensibly, the purpose of Mrs. Wright's supersedeas was that of perfecting an appeal to this court. But she did not appeal. She merely kept her child and walked along under the shelter of the umbrella she had raised by supersedeas. Two years after the judgment and award of September 1, 1945, Mrs. Wright appears to have begun proceedings against her former husband for child desertion. Immediately thereafter, he began the present habeas corpus proceedings. Very soon thereafter, she went into court seeking to modify that custody award of September 1, 1945, rendered in connection with the original divorce judgment, which judgment specifically provided for a retention of the case on docket for such future provisions

as might be consistent with the child's welfare. And so, the chancellor looked at his own court's custody award of September 1, 1945, looked at the present status of the child's actual custody, looked at the pendency of Mrs. Wright's modification proceedings in the original divorce case, and then granted, under these circumstances, possession of the child to D. L. Wright in his habeas corpus proceedings.

It may or may not be right for this mother, the appellant, to have the possession of this child. We are not reaching any conclusion whatever as to that question. The record now before us is too meager to properly appraise the merits of that question. But evidence bearing on the merits of that question may become more amplified when and if the child custody proposition comes before us on any appeal which either this mother or this father may choose to prosecute at the conclusion of Mrs. Wright's presently pending modification proceedings. A child's custody question in any divorce case is always left open indefinitely in the trial court of its origin. See KRS 403.070.

And it also may be well at this time to observe that we have a specific provision of our code of practice to the effect that any judgment in a habeas corpus proceeding, which seems to be of a kind that partakes of the nature of criminal litigation, shall not conclude such rights of the parties as may be involved in a civil suit. See Sec. 428, Ky. Code Criminal Practice.

In view of the background of this particular habeas corpus proceeding and in view of our statutory and code provisions relating to the established remedy for a solution of any child custody question in the very court where the divorce case was litigated in the beginning, we believe that the chancellor committed no error in granting the relief sought by D. L. Wright in his habeas corpus case. That relief was necessarily only temporary in nature and it could have no effect whatever upon the court's final decision as to the ultimate rights of these parties or as to the fundamental welfare of this child. In the law's curative processes, habeas corpus is ordinarily a mere first aid station, not a base hospital, is ordinarily a mere analgesic, not a body building tonic.

It is apparent that the final determination of this

controversy on its merits will be made by the chancellor in Mrs. Wright's modification proceedings now pending. Our view is that the chancellor, up to now, has only suggested that all parties wash their hands clean, get back on the starting line, honor the court order made more than two years ago, respect the ruling of the past before seeking an indulgence of the future.

Wherefore, seeing no error in the chancellor's judgment, the same is now hereby affirmed.