## Frick v. Kaufman.

July 29, 1949.

L. B. Alexander for appellant.

John Driskill for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The appeal is from a decree of the McCracken Circuit Court restoring to appellee the possession, custody, and control of her and appellant's daughter, who now is eight years of age.

The parties to the appeal intermarried in the year 1936. In the year 1944, while they were domiciled in Detroit, Michigan, appellee instituted an action for divorce in a Court of competent jurisdiction in that state. She was awarded a decree of divorce, and the care, custody, and control of Shirley Ann Frick, the infant heretofore mentioned. Subsequently each of the parties remarried. Thereafter appellant and his second wife moved to McCracken County, whilst appellee and her second husband remained at their domicile in Detroit. In the year 1948, appellee separated from her second husband and brought Shirley Ann to the home of appellant. According to her testimony the child was left with her father and step-mother for the 1948-49 school year with the understanding that the mother would return for her at the end of the school year. According to the testimony for appellant the child was left with him with the understanding that he was to assume her permanent care and custody. Appellee visited the child during the school year and at the end thereof asked appellant to deliver the child to her. Upon his failure to comply with this

request, appellee instituted this proceeding for a writ of habeas corpus, basing her right to the possession of her child on the decree of the Michigan Court. Appellant answered and alleged himself to be, and appellee not to be, a fit person to have the care, custody, and control of their daughter. Upon submission of the case on the pleadings, evidence, and exhibits, the Chancellor restored to appellee the possession, custody, and control of the child.

In asking reversal of the judgment appellant complains: (1) that the Court erred in not considering evidence offered concerning the conduct of appellee previous to the judgment of divorce granted in the state of Michigan; and, (2) the judgment is contrary to the law and the evidence.

Conceding, without deciding, that a Court in Kentucky has jurisdiction to change the permanent care, custody, and control of an infant domiciled in another state but temporarily residing in Kentucky, the Chancellor properly gave full faith and credit to the judgment entered by a Michigan Court of competent jurisdiction in ruling that the decree of the Michigan Court was conclusive of the status of the parties at the time of its rendition. An award of custody, however, is conclusive only of the status of a child and its parents at the time the award is made, and a Court of competent jurisdiction will enforce a decree of custody entered in a foreign state by a Court which had jurisdiction of the parties and the subject matter at the time of the award, insofar as it determined the status of the child at the time of the award. Nevertheless, the Court of another state, if it has jurisdiction of the parties and the subject matter at the time it attempts to exercise its power, may change the award upon facts which have arisen subsequent to the first decree. U. S. Constitution, Article 4, Section I; Restatement, Conflict of Laws, Section 147; Callahan v. Callahan, 296 Ky. 444, 177 S. W. 2d 565; and, Abbott v. Abbott, 304 Ky. 167, 200 S. W. 2d 283. Thus, in assuming for the purpose of this decision that the McCracken Circuit Court had jurisdiction to change the permanent status of the parties, it could do so only upon facts shown to have arisen since the first decree. That being true, the Chancellor properly refused to admit evidence of

facts which may have occurred previous to the 1944 decree.

Appellant scarcely relies on, and in his brief has not called our attention to, any competent evidence to sustain his contention that appellee is an unfit person to remain in custody of her child. We have read the evidence in its entirety and find nothing upon which the Chancellor could have based a decision in appellant's favor.

The judgment is affirmed.