Ida ABBOTT, Appellant,

v.

John Matt DAVIDSON, Appellee.

Court of Appeals of Kentucky.

Oct. 15, 1954.

---

Don A. Ward, Hazard, for appellant.

C. A. Noble, Jr., Hazard, for appellee.

CULLEN, Commissioner.

Mrs. Ida Abbott, mother of Frank Banks, an eight-year-old boy, sought in a habeas corpus proceeding to recover custody of the boy from John Matt Davidson, with whom the child has lived for several years. The court adjudged that the child should remain in the custody of Mr. Davidson, and Mrs. Abbott has appealed.

We pass the question of whether habeas corpus was the proper remedy for Mrs. Abbott to pursue in seeking to obtain permanent custody of her child. See Chamblee v. Chamblee, Ky., 248 S.W.2d 422.

Mrs. Abbott maintains that the trial court awarded custody to Mr. Davidson merely because his economic position was more favorable than hers, ignoring her prior right of custody as natural mother of the child.

Mrs. Abbott is now living in Cincinnati with her sixth husband. The boy, Frank Banks, is the child of Mrs. Abbott and her third husband, Sam Banks, who is now in the penitentiary. There was evidence that Mrs. Abbott's second and third husbands were acquired without bothering with the formality of a divorce from her first husband, and that she had engaged in illicit cohabitation with still another man in the meantime.

In 1947, following a divorce from Sam Banks, Mrs. Abbott and the child, then eight months old, went to live with Mr. Davidson and his wife, the latter being a niece of Mrs. Abbott. She stayed in their home, in Hazard, until May 1950, when a disagreement arose and she left, taking the child with her. However, within a short time she returned the boy to the Davidsons, and he has remained in their home since that time. For a period of more than three years Mrs. Abbott showed no interest in the child.

In 1950, Mrs. Abbott married her fourth husband. In 1951, she was divorced from him and in 1952 she married and divorced her fifth husband. In 1953 she married her present husband. There was evidence of improper relations between her and the man who later became her fifth husband, at a time when she was still married to her fourth husband.

Mrs. Abbott's present husband earns around $40 per week, and they live in very modest circumstances. There was evidence that Mrs. Abbott is not in good health and requires frequent medical attention.

Mr. Davidson operates an automobile agency in Hazard and has a substantial income. He and his wife seem to be devoted to the child and the general atmosphere of their home appears to be excellent for the child. The boy testified as to his desire to remain with the Davidsons. Although there was some slight evidence to indicate a lack of proper supervision of the child by the Davidsons on one or two occasions, this evidence related merely to escapades of a character which any boy is likely to become involved in at one time or another.

It is our opinion that the lower court was justified in concluding that Mrs. Abbott was not a suitable person to have custody of her child, and that the welfare of the child would best be served by leaving him in the custody of the Davidsons. The history of Mrs. Abbott's marital and extramarital ventures indicates a lack of ability on her part to maintain anything in the nature of a stable domestic relationship, such as is necessary for the proper upbringing of a child.

The judgment is affirmed.