Mrs. Dewese DAKE et al., Appellant,

v.

Robert A. TIMMONS, Appellee.

Court of Appeals of Kentucky.

Oct. 21, 1955.

Trimble, Soyars, Keith & Breathitt, Milburn C. Keith, Hopkinsville, for appellant.

Alfred A. Naff, Hopkinsville, for appellee.

MOREMEN, Judge.

This is an appeal of a habeas corpus proceeding in which appellant, Mrs. Dewese Dake, was ordered by the circuit court to deliver her minor child to her former husband, appellee, Robert Timmons.

On November 18, 1949, in the Superior Court of Troup County, Georgia, an absolute divorce was granted to the appellant from her then husband, the appellee. By written contract the parties had agreed that the mother was to have custody of the child, except that the father should have him during the summer months, until he should enter public school in September, 1952, at and after which time the father would have custody during the school months—the mother during the summer months. The terms of this agreement were embodied in the judgment.

After the divorce both parties remarried. Appellant married John T. Dake, a captain in the U. S. Army who is now stationed at Fort Campbell in Christian County. Her former husband entered the Air Force and also holds the rank of captain. He is stationed in Missouri where the child has heretofore attended school.

The parties apparently observed the terms of the judgment, and in due time the child was entered in school by his father. He made his usual visits to his mother during the summer months and through the summer of 1955, at the end of which appellant refused to deliver the child to the father at the specified time.

Upon appellant's refusal to follow the terms of the Georgia judgment, appellee instituted this suit for the physical possession of his son. A few days later, Mrs. Dewese Dake filed a suit in the Christian County Circuit Court in which she alleged that there had been a material change in the conditions, and averred reasons which she believed were sufficient to warrant that the court transfer custody of the child to her.

The circuit court refused to stay habeas corpus proceedings for the immediate temporary custody of the child until after determination of the second suit and granted the writ to the husband. Appellant then filed this appeal and moved that this court stay the habeas corpus proceeding until determination of the second suit, which motion was overruled, and the petition for a writ of habeas corpus is now being considered on its merits.

We believe the trial court acted correctly.

■ It was pointed out in Chamblee v. Chamblee, Ky., 248 S.W.2d 422, that a habeas corpus proceeding, insofar as minor children are concerned, is proper when it involves the right of particular persons to have immediate possession or control of the child. It was pointed out, under the authority of Wright v. Wright, 305 Ky. 680, 205 S.W.2d 491, that a habeas corpus proceeding is not the proper method for modifying an original award to the extent that the court might make a determination as to the ultimate custody of the child. The proper approach to such an end is through a court of proper venue having jurisdiction of the parties and the subject matter.

It was stressed in the Chamblee case that a habeas corpus proceeding is concerned only with deciding which party is entitled to immediate possession and the relief granted, being temporary in nature, does not preclude another suit, in a proper for-

um, to adjudicate the ultimate rights of the parties or to determine the conditions most suitable for the fundamental welfare of the child.

The fact that another such suit is pending or is filed after the petition for a writ has been filed, in no manner should deter a court from passing on the question of immediate possession.

Here, the judgment of the Georgia court was extant and unmodified. In this case the circuit court had no alternative other than to give full faith and credit to it.

Judgment affirmed.