**Melva Jo BURK, Appellant,**

. v.

**Lester C. BURK and Wife, Florence Burk,
Appellees.**

Court of Appeals of Kentucky.

Feb. 23, 1962.

Rehearing Denied May 1, 1962.

Walter Chyle, Jr., Bennett Bratcher, Morgantown, for appellant.

W. A. Moore, Otis White, Morgantown, for appellees.

MILLIKEN, Judge.

The appellees, paternal grandparents of three-year old Leah Shannon Burk, are citizens of Texas where they were awarded custody of the child for nine months of the year by a Texas judgment of divorce between their son (since killed in an air crash) and his wife, the appellant, Melva Jo Burk, who was awarded custody of the child for the months of June, July and August. The mother, Melva Jo, brought the child to Kentucky after the grandparents had surrendered possession on June 1, 1961, in compliance with the Texas judgment. When September came Melva Jo refused to surrender her to the grandparents who promptly filed a habeas corpus action and were adjudged entitled to possession of the child, the judgment appealed here.

In July, while she had legal custody and possession of the child in Kentucky, Melva Jo sued to gain exclusive custody, an action which had not been determined at the time the grandparents were found entitled to possession in the present habeas corpus action. It is Melva Jo's contention that the child should not be returned to her Texas grandparents until Melva Jo's prior suit for exclusive custody is determined. The Texas judgment clearly is entitled to full faith and credit in this state (KRS 422.040) and the grandparents entitled to return of the child, unless the mother's pending action for exclusive custody deters the trial court in any way from passing on the issue presented in the habeas corpus action of who was entitled to immediate possession of the child in September, 1961. This contention is discussed in Dake v. Timmons (1955), Ky., 283 S.W.2d 378, citing cases, and we rejected the view advocated here by Melva Jo. The grandparents were entitled to immediate possession of the child in conformity with the Texas judgment.

The judgment is affirmed.