**Ralph Lee CRAGER, Appellant,**

v.

**Jean Charlotte CRAGER, now Norris, Appellee.**

Court of Appeals of Kentucky.

June 26, 1970.

Cordell H. Martin, Hindman, for appellant.

Scott Collins, Prestonsburg, for appellee.

STEINFELD, Judge.

Appellant and appellee were residents of Kentucky and formerly were husband and wife.[1] They moved to Indiana about 1963 where Jean still resides and where Ralph lived until September 1969. In that state a divorce proceeding instituted by the wife resulted in a divorce being granted about October 19, 1968, to the husband on his counterclaim. He was awarded custody of their four-year-old daughter, Jennifer " * * * so long as he shall keep and maintain said child in the home of Mr. and Mrs. Don Dangler of Waterloo, Indiana." Mrs. Dangler is the sister of Ralph. The mother was granted visitation rights in the Dangler home and the company of Jennifer at specified times.

After her remarriage on July 19, 1969, Jean (now Norris) petitioned the Indiana court to modify its decree and award her the custody of Jennifer. The petition was served on Ralph's attorney of record in the divorce proceeding. On September 14, 1969, before hearing on the petition, Ralph took Jennifer to Kentucky where they remained. Jean filed a petition in the divorce court on October 8, 1969, seeking an adjudication that Ralph was in contempt for violating the divorce judgment with respect to the child.

Notice of the contempt proceedings was served on Ralph by certified mail and personally by the sheriff of Floyd County, Kentucky, where he and Jennifer were then residing. On October 25, 1969, he was found guilty of contempt for removing Jennifer from the Dangler home and was ordered to return her forthwith. When he did not do so Jean filed an habeas corpus proceeding in the Floyd Circuit Court to recover the child. Ralph moved for dismissal " * * * because the court is without jurisdiction to hear the matter concerning an Order entered by DeKalb Circuit Court which was entered at a time when both the defendant * * * and

---

1. To simplify identification we shall refer to the parties by their respective first names.

infant Jennifer * * * were domiciled at Hueysville, Floyd County, Kentucky." The petition was sustained on November 10, 1969. Ralph appeals. We affirm.

Ralph argues here "* * * that the lower court was without jurisdiction to make an award of physical custody of the Crager child." We do not so interpret the order which directed the defendant to "* * * return the child to the home of Don and Grace Dangler, Waterloo, Indiana, and the jurisdiction of the DeKalb Circuit Court. If the Danglers should be reluctant to receive the child there, the defendant shall return the child to the DeKalb Circuit Court for its disposition; * * *." Ultimate custody was not in issue and not decided.

Ralph relies strongly on Abbott v. Abbott, 304 Ky. 167, 200 S.W.2d 283 (1947), which we deem not in point. In Abbott reliance was placed on an Indiana decree of custody made when the father and the children were domiciled in Kentucky. The mother, also domiciled in Kentucky, went to Indiana and obtained a change of custody decreed by an earlier order entered when all the parties were domiciled in Indiana. We held that full faith and credit need not be given to the latter order.

In the case now before us the child was removed from Indiana in violation of the order of the court which had adjudged custody. In the two months she had been in Kentucky Jennifer had not established such significant contacts with this state as to cause the Indiana court to lose jurisdiction. Cf. Brengle v. Hurst, Ky., 408 S.W.2d 418 (1966). The Indiana decree, the validity of which was not questioned, was properly enforced. Walden v. Johnson, Ky., 417 S.W.2d 220 (1967). Under the circumstances here existing "* * * the circuit court has no alternative other than to give full faith and credit to * * *" the judgment of the Indiana court. Dake v. Timmons, Ky., 283 S.W.2d 378 (1955), a case quite similar to the one before us

and see Burk v. Burk, Ky., 356 S.W.2d 40 (1962).

The judgment is affirmed.

All concur.