**Donnie BRAMBLET, Appellant,**

v.

**Raymond L. COX et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

William E. Johnson, Johnson, Burton & Emberton, Frankfort, for appellant.

Charles L. Hobson, Frankfort, for appellees.

CULLEN, Commissioner.

Linda P. Bramblet sued her husband, Donnie, for divorce, and he took up a separate abode, leaving their seven-year-old daughter, Stephanie, in Linda's custody. Early in the morning of the day a hearing was to be held in the divorce action Linda was killed, through strangulation and stabbing, by a male person, in Stephanie's presence. Stephanie told the police that the assailant "looked like my daddy, but it didn't sound like daddy * * * he wore a coat like daddy's coat * * * his work coat." Donnie was indicted for murder on the accusation of having killed Linda.

After Linda's death her cousin Raymond L. Cox and his wife assumed custody of Stephanie. Upon being freed on bond awaiting trial of the murder charge, Donnie brought the instant action against the Coxes, seeking that he be awarded custody of Stephanie. Evidence was taken, over Donnie's objection, addressed to the issues of fitness of the parties and the welfare of the child. The trial court made this oral finding:

> "The evidence here seems to me that one particular fact' establishes unsuitability of the father to the trust on a temporary basis, and that is the circumstance, shown by the testimony, that the child is a material witness against him in a serious homicide case; unless and until that has been removed, that circumstance has been altered, it would seem that the integrity of a witness of tender years should be preserved until such time as the bar of unsuitability has been removed."

The court subsequently made formal findings and conclusions, including a specific finding that Donnie "is not suited at this time for the custody and control of Steph-

anie." Judgment was entered denying Donnie's petition and awarding custody to the Coxes until the further order of the court. Donnie has appealed from that judgment.

■ Donnie's principal contention is that the proceeding was one of *habeas corpus*; that under Scott v. Scott, Ky., 445 S.W. 2d 871, the proceeding should have been confined to the sole issue of the right to immediate possession of the child; and that the trial court erred in making any determination other than whether "the appellant was 'unfitted to the trust' for any reason."

Taking this argument at face value, it falls of its own weight, because the trial court found specifically the fact of "unsuitability of the father to the trust on a temporary basis."

Perhaps, however, the appellant intends to argue that under *Scott* even the matter of the father's fitness is not in issue; that the only determination to be made in a habeas corpus proceeding is of the bare legal right to immediate possession. If that argument were squarely presented in this case we probably would be compelled to make a positive commitment on the question, as raised in Judge Reed's concurring opinion in Scott, of whether habeas corpus proceedings are to be "strictly limited" to determining the right of immediate possession, or whether as suggested by the use of the word "ordinarily" in the majority opinion, there is room for exceptions in extraordinary cases. We think, however, that the argument is not squarely presented, because from our examination of the record we conclude that the proceeding was not presented or practiced as a pure habeas corpus proceeding. The initial pleading was styled "Petition on Complaint For Custody of Child;" it alleged that the "plaintiff" (Donnie) was "a fit and proper person to have custody and control" of the child; and that the retention of custody by the

Coxes was "contrary to the best interest of the child." It is true that the prayer of the complaint was that a "writ of habeas corpus" be granted, but the prayer also asked for "such other further relief as the nature of the case, and as may seem to meet equity." We construe this pleading as placing in issue the welfare of the child and the fitness of the plaintiff. So at best the proceeding was only partly in the nature of habeas corpus.

The fact that the appellant's counsel themselves did not consider this to be really a habeas corpus proceeding is evidenced by their failure to conform with the special statutory requirements for appeals in habeas corpus cases, as set forth in KRS 419.130.[1]

■ The appellant makes the furthei contention that the evidence was not sufficient to establish that Stephanie was such a material witness as to warrant denying custody to the appellant. We think the evidence that Stephanie was the only eyewitness to the homicide and that she had made statements to the police making a qualified identification of her father as the perpetrator of the crime certainly showed her to be a material witness, and we think that this fact fully warranted denial of custody to the father while he remains under charge of murder.

■ The appellant has made a motion to "supplement the record" by bringing up some of the record on Donnie's trial on the murder charge (which was held after the judgment was entered in the instant case and which resulted in a mistrial). We are overruling the motion because what is sought to be brought up was never a part of the record of the instant case in the lower court.

We also are overruling a motion by the appellant to strike appellee's brief.

The judgment is affirmed.

1. If this were strictly a habeas corpus case we would be impelled, as in Luby v. Jackson, Ky., 460 S.W.2d 827 (decided December 4, 1970), to dismiss the appeal for failure to comply with KRS 419.130.

All concur except that HILL, C. J., concurs in the result only, he being of the opinion that Scott v. Scott, Ky., 445 S.W. 2d 871, should be overruled, and except that REED, J., continues to adhere to the views expressed in his concurring opinion in *Scott*.