Lawrence GALLOWAY et al., Appellants,

v.

Henry Eugene PRUITT et al., Appellees.

Court of Appeals of Kentucky.

July 2, 1971.

Jerry P. Rhoads, Chandler & Rhoads, Providence, for appellants.

DAVIS, Commissioner.

This proceeding originated upon a petition for writ of habeas corpus filed in the Hopkins Circuit Court by the appellees, Henry Pruitt and wife, who sought and obtained by virtue of the circuit court's order the physical possession and custody of an infant slightly more than three years old. The child is the daughter of the appellants, Lawrence Galloway and Ruth Galloway. No brief has been filed in behalf of the appellees. The attorneys who represented the appellees in the circuit court were permitted to withdraw as counsel of record by appropriate order of the circuit court on their showing that the appellees had so requested. The permissible sanctions prescribed by RCA 1.260(c) for failure of an appellee to file a brief are inappropriate in proceedings affecting the custody of infants and will not be invoked in this appeal. Borjesson v. Borjesson, Ky., 437 S.W.2d 191.

From the meager record which is at hand, the following background from which this controversy arises appears:

While living in Indiana, the Galloways allegedly delivered the custody of their then three-year-old daughter to the Pruitts, apparently with a view to the child's adoption by the Pruitts. This happened in July 1970. In September 1970, the Pruitts instituted legal proceedings in the Superior Court of Lake County, Indiana, seeking legal confirmation of their previous arrangements with the Galloways concerning their adoption and full custody of the child. After entry of a preliminary order granting temporary custody to the Pruitts and restraining the Galloways from interference with that custody, the Galloways allegedly abducted the child and returned with it to Hopkins County, Kentucky, in September 1970. Subsequently, the Indiana court entered its order awarding permanent custody of the child to the Pruitts, in which the court recited as a finding of fact that the Galloways were unfit custodians.

The present habeas-corpus proceeding was not filed until February 18, 1971, after the Galloways and the child had lived in Kentucky some five months since their departure from Indiana. The Galloways sought to have a full hearing in the Hopkins Circuit Court on their right to custody of their child, with evidence to be presented touching upon the critical question of the best interest of the infant. The trial judge deemed that the only issue before him was the question of the immediate possession of the child, based upon legal entitlement, without reference to a general consideration of the best interests of the child, except within the narrow limits mentioned in Scott v. Scott, Ky., 445 S.W. 2d 871, relating to the possibility of imminent danger of harm to the child by remaining in the possession of its legal custodians. The Galloways undertook to place evidence in the record by way of avowal, but the trial judge refused to permit that procedure. On this appeal the Galloways contend that the proceeding was not practiced as a pure habeas-corpus action and that it was improper for the trial court to limit the proceeding to a determination of the bare right of immediate possession. They also argue that the Indiana judgment was not *res judicata* as to facts existing in February 1971 and that the trial court should not have accorded that judgment respect, either by way of full faith and credit or comity. Additionally, they complain of the trial court's refusal to stay the enforcement of its order pending appeal as

is permitted by KRS 419.130(2) in true habeas-corpus proceedings.

■ It appears that the court is face to face with the recurring and vexing problem relating to the scope and nature of proceedings in which the immediate possession of an infant child is sought. Recent ramifications of the problems under consideration were considered in Bramblet v. Cox, Ky., 461 S.W.2d 349 (1970), and Scott v. Scott, Ky., 445 S.W.2d 871 (1969). The separate concurring opinion in Scott reflects the uncertainty and problems in the existing Kentucky law governing proceedings involving the immediate possession of a child. The court has long recognized that the revered and ancient writ of habeas corpus was never conceived as a vehicle for cases of this sort. Yet, because of the pressing need for prompt action in such cases, the machinery of habeas corpus has been regarded as appropriate in "immediate child-possession" matters. Unfortunately, adherence to the extremely restricted scope of true habeas-corpus hearings precludes the court from determining the issue of permanent custody which most frequently arises contemporaneously with the issue of immediate possession. For example, as noted in Scott v. Scott, Ky., 445 S.W.2d at page 873, habeas-corpus procedure is a special statutory one in which the only recognized pleadings are a petition and a response. The procedure is properly designed for the determination of one, and only one, question—"the right to immediate possession—and it would be a perversion of the procedure to allow other issues to be injected by whatever form of pleading." It was also noted in Bramblet v. Cox, Ky., 461 S.W.2d 349, that proceedings which are strictly habeas-corpus proceedings are governed by a rule for taking appeal different from the general one. See Luby v. Jackson, Ky., 460 S.W.2d 827, and KRS 419.130.

■ Upon further consideration of the questions which have been raised here and in cases such as Bramblet v. Cox, Scott v. Scott, and many others, including Chamblee v. Chamblee, Ky., 248 S.W.2d 422 (1952), the court is of the view that it is inappropriate and unrealistic that proceedings to determine the right of immediate possession of a child, however denominated, be consigned to the narrow confines of traditional habeas corpus. Henceforth, a litigant seeking the right to immediate possession of a child may institute an action by filing a complaint asserting legal entitlement to the immediate custody and possession of the child and, by appropriate motion, obtain a forthwith hearing as if the principles of habeas corpus were applicable. The trial judges will accord priority to proceedings of this nature and will deal with the issues expeditiously, within the framework of due process. Injunctive relief may be invoked and the court may, in the exercise of sound discretion, impose such terms and conditions including, but not limited to, the requirement for appropriate bond, as may appear proper in the circumstances.

■ Prompt appellate review shall be allowed within the general spirit and purpose envisioned by CR 65.07 and 65.08. Legally unwarranted deprivation of the immediate right to possession of a child shall *ipso facto* be regarded as irreparable injury for which no adequate remedy exists so far as those precepts relate to injunctive proceedings.

■ The courts will continue to be mindful of the precepts enunciated in Walden v. Johnson, Ky., 417 S.W.2d 220, Brengle v. Hurst, Ky., 408 S.W.2d 418, and the numerous cases of similar import, and will be guided accordingly as to whether the proceeding under consideration appropriately should be dealt with upon a full-blown hearing and adjudication on the ultimate entitlement to custody, based upon the best interests of the child and other considerations which may be applicable. None of the procedural rules which pertain to pure habeas-corpus proceedings shall apply to a proceeding for possession and cus-

tody of a child. Throughout such a proceeding, the courts shall be mindful of the necessity for prompt decision and may prescribe time for motions, pleadings, and other steps within shorter periods than otherwise designated by the rules of civil procedure in regular litigation.

Since it appears that the child involved in the present proceeding has been delivered into the possession and custody of the appellees who are residents of Indiana, it would be inappropriate to reverse the judgment now on appeal, as the circuit court no longer has the Pruitts and child within its territorial jurisdiction, and therefore no discussion is required of the other grounds argued for reversal.

The judgment is affirmed.

All concur.