**Matt LEWIS, Appellant,**

v.

**Helen LEWIS (now Bowman), Appellee.**

Court of Appeals of Kentucky.

Oct. 1, 1971.

Elijah M. Hogge, Morehead, James C. Lewis, Sandy Hook, for appellant.

Gary L. Littleton, Grayson, for appellee.

STEINFELD, Judge.

Appellee Helen Lewis (now Bowman) filed a petition for a Writ of Habeas Corpus in the Elliott Circuit Court on June 3, 1971, by which she sought to obtain Troy Lewis from appellant Matt Lewis. Troy is the 6-year-old son of these parties. She alleged that an Arizona Superior Court with competent jurisdiction had granted to her " * * * absolute care, custody and control * * * " of Troy, and that Matt had unlawfully taken him out of that state. She also charged that the forum court was " * * * required to give full faith and credit to the orders of the Superior Court of Arizona in granting custody to (her)." A properly authenticated copy of an "Order Modifying Decree of Divorce" entered by the Arizona court on May 7, 1971, was filed with the petition.[1] It showed her appearance but none in person or by counsel of the father. Other pertinent parts were as follows:

"And, the Court having heretofore ordered that the Defendant have temporary care, custody and control of the parties' minor child, Troy, and that said child was not to be taken away from the jurisdiction of the State of Arizona; the Court being informed that Defendant has taken the child to Kentucky;

"And, the Court on June 24, 1970, having heretofore ordered that the Defendant, Matt Lewis be and appear before the Court on Friday, July 24, 1970 at 9:00 A.M., to show cause to the Court why he has wilfully and deliberately disobeyed the Order of the Court relating to the temporary custodial rights of his minor son, Troy, and the Defendant having failed to appear;

"And, the Court having duly considered the aforesaid and being fully advised in the premises,

"IT IS ORDERED, ADJUDGED AND DECREED, as follows:

"That the said Decree of Divorce, made and entered herein on January 28, 1966, as heretofore modified by the Order made and entered herein on November 28, 1967 and modified by the Order made and entered herein on June 9, 1970, be, and the same is hereby further modified as follows:

"IT IS ORDERED that the absolute care, custody and control of the said minor child, Troy Matthew Lewis, be, and the same is hereby awarded to the Plaintiff, Helen Lewis Bowman."

Matt answered that he " * * * was awarded custody of * * * Troy * * * while all parties were in Arizona; that on the date the Order Modifying Decree of Divorce was entered, dated the

---

1. Appellee attached as an exhibit to her brief other parts of the Arizona Court record. These were not filed in the trial court, hence we will not consider them.

7th day of May, 1971, the defendant and infant were domiciled at Sandy Hook, Elliott County, Kentucky, and had been there more than eleven (11) months * * *" He also alleged that he had no notice of the 1971 hearing. He attached an authenticated copy of the order dated June 9, 1970, granting him custody. It provided in part:

"IT IS ORDERED that the temporary sole care, custody and control of the said minor child, TROY MATTHEW LEWIS, be, and the same is hereby, awarded to the defendant, MATT LEWIS, at Payson, Arizona, subject to rights of visitation in the plaintiff, HELEN LEWIS, as hereinafter specifically prescribed.

"IT IS FURTHER ORDERED that the plaintiff, HELEN LEWIS, shall have the right to visit with said child, at Payson, Arizona, between the hours of 10:00 o'clock, A.M. and 4:00 o'clock, P.M. on each Sunday, beginning with Sunday, June 14, 1970; that such visitation may be out of the presence of the defendant, MATT LEWIS; and that under no circumstances is said child to be removed by the plaintiff from the limits of the town of Payson, Arizona.

"IT IS FURTHER ORDERED that the defendant be, and he is hereby, relieved from all liability for the payment to the plaintiff of child support during such time as said child shall be in the care, custody and control of the defendant pursuant to the foregoing provisions of this Order."

The record does not reveal whether original custody of Troy was in his mother and, if so, why a change was ordered. It does not indicate the introduction of any evidence before the Kentucky court but only that it heard arguments and adjudged that the writ should issue. However, enforcement was stayed pending our decision. From that judgment Matt appeals. We reverse.

■ The response showed that at the time Matt brought Troy to Kentucky he was custodian, although on a temporary basis, but his reason for leaving Arizona is not revealed. He was not prohibited from removing Troy from Arizona although Helen was. Because of the allegation that Troy and his father were in Kentucky for eleven months before the writ was sought such significant contacts may have been established to bring this case within the purview of Brengle v. Hurst, Ky., 408 S.W.2d 418 (1966). An evidentiary hearing is appropriate. Galloway v. Pruitt, Ky., 469 S.W.2d 556 (1971).

■ Appellee contends that our courts must give full faith and credit to the order of May 7, 1971; however, Matt alleges he was not given notice of the hearing which resulted in the entry of that order and it shows he was not present or represented. If Matt was not properly before the Arizona court on that occasion, the order could not be controlling. These allegations, in the light of the record, seem to distinguish this case from Crager v. Crager, Ky., 457 S.W.2d 478 (1970). It should be reexamined under the rules expressed in Galloway v. Pruitt, supra.

The judgment is reversed for further proceedings consistent herewith.

MILLIKEN, C. J., and HILL, PALMORE and REED, JJ., concur.

OSBORNE and NEIKIRK, JJ., dissent.

OSBORNE, Judge (dissenting).

I must respectfully dissent from the majority opinion herein.

Article 4, section 1, of the Constitution of the United States requires that the courts of the several states give full faith and credit to the judgments of the courts of other states. It is patently obvious that we have not done so in this case. The

reason ascribed for not doing so in the majority opinion is:

"* * * Matt alleges he was not given notice of the hearing which resulted in the entry of that order and it shows he was not present or represented. If Matt was not properly before the Arizona court on that occasion, the order could not be controlling."

No statement of the law could be more in error. It makes no difference if Matt were properly before the Arizona court or not. If the Arizona court had jurisdiction of the subject matter, to wit, the children, its judgment is binding upon this court. For a full discussion of this matter see dissent in Batchelor v. Fulcher, Ky., 415 S. W.2d 828.

NEIKIRK, J., joins in this dissent.