Bennie MOORE et al., Appellants,

v.

C. Leslie DAWSON, Secretary, Department for Human Resources, et al., Appellees.

Court of Appeals of Kentucky.

Nov. 26, 1975.

Paul F. Fauri, Appalachian Research & Defense Fund of Kentucky, Inc., Prestonsburg, for appellants.

David A. Collins, Morehead, for appellees.

VANCE, Commissioner.

This is an appeal from an order denying a petition for habeas corpus. It brings into question again the proper procedure for initiating and disposing of claims of immediate entitlement (as opposed to long-term or continuing custody) of a child.

The appellants, Bennie and Sarah Moore, are the parents of nine children. Appellants filed a petition for habeas corpus in the Floyd Circuit Court in which it was alleged that the children were illegally in the custody of the appellees as a result of a juvenile court proceeding commenced by the appellees in Martin County, Kentucky, the home of both appellants and their children.

The petition alleged that appellants were not served with process in the Martin County proceedings, had no notice of any hearing thereon and that no order was entered in the Martin County Court transferring custody of the children to the appellees.

It was further alleged that the children now reside in foster homes in Johnson, Floyd, Magoffin and Morgan Counties; that appellees had no lawful authority to have custody of the children and the petition demanded the return of the children to the custody of the parents.

The judge of the Floyd Circuit Court issued a writ which required the appellees to bring the children before the Floyd Circuit Court on July 22, 1975, and show cause for detaining them.

The record does not show that any response was filed by the appellees but on July 23, 1975, an order was entered in Floyd Circuit Court directing that the writs be issued to the appropriate circuit courts of the counties where the children then resided. On the same day the judge of the Floyd Circuit Court issued a writ commanding appellees to appear before the Johnson Circuit Court with the children Jack Benny Moore, Hoagy Carmichael Moore, John Charles Moore, Ethel Marlene Moore and Felicia Moore and produce authority for detaining them.

The record does not disclose that appellees filed any response to this order or that any hearing was held by the judge of the Johnson Circuit Court.

On August 15, 1975, the judge of the Johnson Circuit Court signed the following order which was then filed in the office of the circuit court clerk of Floyd County.

"FLOYD CIRCUIT COURT
CA NO. 11,323

BENNIE MOORE and
SARAH MOORE                PETITIONERS

vs.              ORDER

C. LESLIE DAWSON, Secretary
DEPARTMENT FOR HUMAN RESOURCES
and JERRY HISSONG, Commissioner
BUREAU FOR SOCIAL SERVICES     RESPONDENTS

"This writ of Habeas Corpus came before the Court at Louisa, Lawrence County, Kentucky on the 30th day of July. Entertainment of the issues presented by the Writ would require this Court to determine where to place the children; however, such a determination is more properly to be made at the hearing on the petition for involuntary termination of parental rights. Therefore, this Writ is hereby Overruled.

"Dated this 15 day of Aug., 1975.

"s/s W. D. Sparks
JUDGE, Johnson Circuit Court"

From that order of the Johnson Circuit Court this appeal is prosecuted. The record is certified by the clerk of the Floyd Circuit Court.

■ Habeas corpus is a procedure designed for the purpose of effecting a speedy release of persons who are deprived of their liberty. 39 Am.Jur.2d, Habeas Corpus, Section 1. The use of the writ has commonly extended to the determination of questions

relating to the custody of infants, especially in situations where the party entitled to custody under an order of court has lost custody for one reason or another and seeks to regain it. Cf. *Chamblee v. Chamblee*, Ky., 248 S.W.2d 422 (1952).

■ We have recognized the severe limitations of habeas corpus when applied to child-custody determinations. It is a statutory proceeding in which the only recognized pleadings are a petition and response. KRS, Chapter 419.

In many child custody cases a person who was granted custody of a child by judgment in a divorce action has surrendered custody to another and seeks to regain custody on a petition for habeas corpus. The respondent may desire to obtain an order changing the custody upon the ground that the long-term best interest of the child requires the change but habeas corpus inquires only as to the immediate entitlement. *Scott v. Scott*, Ky., 445 S.W.2d 871 (1969).

■ Not only are the issues severely limited in habeas corpus but the action must proceed in the county in which the child is detained and the procedure for appeal is different from the procedure in ordinary cases. KRS 419.030 and 419.130. These limitations have resulted in the instant case in habeas corpus proceedings in Floyd, Morgan, Magoffin and Johnson Counties to determine the custody of children who formerly resided with their parents in Martin County and in an appeal from an order issued by the judge of the Johnson Circuit Court accompanied by a transcript of record certified by the Floyd Circuit Court Clerk.

The problem of providing an adequate forum for the expeditious determination of not only the immediate entitlement to custody of children but also the continuing right has been fully discussed in *Scott*, supra, and again in *Galloway v. Pruitt*, Ky., 469 S.W.2d 556 (1971).

Subsequent to our opinions in *Scott*, supra, and *Galloway*, supra, the General Assembly has enacted KRS 403.260 relating to jurisdiction and proceedings for the custody of children. The limitations upon jurisdiction stated therein, if applicable to proceedings seeking determination of the immediate entitlement to custody of children, would render circuit courts without jurisdiction in many instances to follow the guidelines laid down in *Galloway v. Pruitt*, supra. The frequency of problems arising within this area makes it advisable to reexamine the whole subject of child custody litigation.

■ Litigation concerning the custody of a child may involve the question of immediate entitlement to custody only, the question of continuing, long-term custody only, or it may involve both questions. Under various statutes custody may be determined by circuit courts (KRS 403.260 generally; KRS 199.600 relating to termination of parental rights; KRS 199.470 relating to adoption) and by county courts sitting in juvenile session. (KRS 208.020).

Under KRS 208.020 the juvenile session of county court is granted exclusive jurisdiction of proceedings concerning any child living or found within the county who has not reached his eighteenth birthday (a) who has committed a public offense, (b) who does not subject himself to the reasonable control of his parents, teachers, guardian or custodian, (c) who is an habitual truant from home or school, or (d) who is found to be dependent, neglected, needy or abandoned.

Although subsection (1) of KRS 208.020 purports to grant exclusive jurisdiction to the juvenile session of county court, subsection (6) provides:

"(6) Nothing in this chapter shall deprive other courts of the jurisdiction to determine the custody or guardianship of children upon writs of habeas corpus, or to determine the custody or guardianship of children when such custody or guardianship is incidental to the determination of other causes pending in such other courts; nor shall anything in this chapter affect the jurisdiction of circuit courts

over adoptions and proceedings for termination of parental rights. *The juvenile court shall have no jurisdiction to make permanent awards of custody of a child*, but if the court finds an emergency to exist affecting the welfare of a child, it may make temporary orders for its custody, pending the outcome of proceedings in circuit court to determine its permanent custody. Such orders shall be entirely without prejudice to the proceedings for permanent custody of the child, and shall remain in effect until modified or set aside by the court. Upon the entry of a temporary or final judgment in the circuit court, awarding custody of such child, all prior orders of the juvenile court in conflict therewith shall be deemed canceled."

The proceedings in juvenile court may be instituted upon the petition of any person. KRS 208.070.

Pursuant to KRS 199.600 circuit courts may terminate the parental rights of parents upon proper showing and declare a child to be a ward of the state and vest care, custody and control of the child in the Department for Human Resources or a licensed child-caring or child-placing agency or institution. So long as the parental rights of only one parent have been terminated the child may not be declared a ward of the state unless with the voluntary consent of the other parent.

Proceedings for termination of parental rights may be instituted upon petition by the Department for Human Resources, any probation officer, any state or local law enforcement officer, any county attorney or commonwealth's attorney or parent.

KRS 403.260 was enacted as Section 16 of Chapter 182 of an Act of the General Assembly of 1972 entitled "An Act Relating to marriage and divorce." It establishes the jurisdiction of circuit courts in the county in which a child is permanently resident or is found to make a determination of custody upon the application (1) of a parent or (2) of a person other than a parent but only if the child is not in the physical custody of one of its parents. KRS 403.260(4).

It would thus appear that when a child is in the physical custody of one of its parents, no person can contest custody under KRS 403.260 except the other parent. If a child is in the custody of one or both of its parents but is neglected or dependent any person can initiate a petition under KRS 208.020 and the juvenile session of county court has jurisdiction to make temporary orders concerning custody. In addition a petition to terminate parental rights may be filed in circuit court pursuant to KRS 199.600 by the proper persons.

■ A proceeding to determine the question of immediate entitlement to custody as outlined in *Galloway v. Pruitt*, supra, involves the characteristics of habeas corpus. Such a proceeding shall be initiated in circuit court not as a petition for habeas corpus but as a petition for immediate entitlement to custody. The limitations imposed by KRS 403.260 upon the jurisdiction of circuit courts to determine custody are not applicable to such proceedings. Since the proceedings are in the nature of habeas corpus they will be decided forthwith in circuit court and subject to expeditious review in this court as outlined in *Galloway v. Pruitt*, supra, wherein we said:

" * * * Henceforth, a litigant seeking the right to immediate possession of a child may institute an action by filing a complaint asserting legal entitlement to the immediate custody and possession of the child and, by appropriate motion, obtain a forthwith hearing as if the principles of habeas corpus were applicable. *The trial judges will accord priority* to proceedings of this nature and will deal with the issues expeditiously, within the framework of due process. Injunctive relief may be invoked and the court may, in the exercise of sound discretion, impose such terms and conditions including, but not limited to, the requirement for appropriate bond, as may appear proper in the circumstances.

"Prompt appellate review shall be allowed within the general spirit and purpose envisioned by CR 65.07 and 65.08. Legally unwarranted deprivation of the immediate right to possession of a child shall *ipso facto* be regarded as irreparable injury for which no adequate remedy exists so far as those precepts relate to injunctive proceedings."

We recognize that some cases may arise wherein the circuit court will have jurisdiction to determine the question of immediate entitlement to possession of a child yet be without jurisdiction to consider the question of long-term or continuing custody because of the limitations of KRS 403.260. In most cases however the procedure outlined herein will enable one court in one action to settle expeditiously all questions as to both immediate entitlement to custody and the award of continuing custody.

■ Of course, habeas corpus remains a proper remedy when children are illegally detained or imprisoned but ordinarily custody, as that term applies to children, does not involve detention or imprisonment. When the action is purely one to determine which party is entitled to custody habeas corpus is not a proper remedy.

■ When an action to determine immediate entitlement to custody is styled "petition for habeas corpus" the trial judge should either (1) deny the petition or (2) order the petition treated as a petition for immediate entitlement and proceed under the principles announced herein.

■ Although the petition here alleges an illegal detention the petition and the affidavits filed in support make it plain that the Department for Human Resources has obtained the custody of the children and the parents are seeking to regain custody by habeas corpus. This is not a proper use of habeas corpus and the petition was not converted into an action for custody in the manner outlined herein. The denial of the petition for habeas corpus was not erroneous.

The judgment is affirmed.

All concur except REED, C. J., who concurs in the result.