Dolly Mae Arnett ALLEN, Indiv.,
etc., Appellant,

v.

DEPARTMENT FOR HUMAN
RESOURCES, Commonwealth
of Kentucky, Appellee.

No. 75–1007.

Supreme Court of Kentucky.

Aug. 20, 1976.

Robert J. Jackson, Fayette County Legal Aid, Inc., Lexington, for appellant.

J. William Hernandez, Dept. for Human Resources, Frankfort, for appellee.

PER CURIAM.

In joint actions which were consolidated for trial and disposition, the circuit court terminated the parental rights of appellant Allen, as to three of her four children. The circuit court refused to terminate her parental rights in the instance of her eldest son. She appeals from the judgment terminating her parental rights, and the appellee, Department for Human Resources, cross appeals from the judgment refusing to terminate parental rights as to the one child. We have carefully considered the record and the evidence and have concluded that the judgment entered should be affirmed for the reasons later stated.

■ The Department for Human Resources sought termination of parental rights pursuant to KRS 199.600. It was the contention of the Department that the children concerned were "neglected" children within the meaning of the statute. The evidence revealed the appellant to be an emotionally unstable individual who resorted to child abuse, particularly directed at her three younger children. She was unable and unwilling to afford them affection or care. The Department, through its social workers, attempted repeatedly to aid and assist her to provide an acceptable home. We find the evidence amply demonstrated that the three children toward whom the termination of parental rights was directed were neglected within the definition of KRS 199.011(4), wherein a "neglected child" is defined as any child "who is under such improper parental care and control or guardianship as to injure or endanger the morals, health or welfare of himself or others."

The three children concerned in the termination were two boys, the youngest of whom was seven, and a girl who was six years of age. They had been in foster homes on several occasions and returned to appellant at her request. The oldest boy, age 10, has been in foster home care on several occasions. He however, had stayed longer and oftener with appellant and evidenced a strong desire to stay with appellant. Appellant plainly manifested affection and concern for him and not for the other children.

■ Appellant alleges error in a prior procedure by which the children were removed from her custody and placed in the temporary care of the Department. We find no error. Appellant was present at the proceeding, was represented by counsel, and testified, in effect, at the subsequent termination hearing that she voluntarily relinquished the temporary custody of the children so she could apply for admittance to a mental hospital.

■ Appellant also complains that the trial court committed error when it denied her request to produce the children as witnesses. The record reveals that when the Department stipulated that the two older children desired to remain with their mother, appellant withdrew her request to produce these children as witnesses. The testimony of the two younger children could hardly have been helpful, and it is interesting to note that Ronnie, the seven-year-old boy, was terrified of his mother because of her repeated abuse. The total evidence demonstrates the wisdom of the decision of the Circuit Judge. We cannot say he abused his discretion in not requiring the two younger children to testify.

■ Appellant also asserts that the trial court erred by admitting the testimony of psychiatrists over her objection. She relies upon the applicability of our statutory patient-psychiatrist privilege, KRS 421.215. Appellant clearly put her mental condition in issue by the allegation in her petition to be granted custody of the children. The petition alleged "she has been under the care of a psychiatrist but is nevertheless able to provide for her children and desires to do so." KRS 421.215(3)(c) provides that when the patient introduces his mental condition as an element of his claim, the testi-

mony of the treating psychiatrist is admissible. Therefore, in this case the trial judge properly admitted the testimony of appellant's psychiatrist. The testimony of the other psychiatrists who testified was admissible because there was no psychiatrist-patient relationship between them and appellant.

The oldest boy, 10½ years old, and his mother have established a loving relationship under difficult circumstances. We cannot say that the trial judge erred when he concluded that termination would be seriously detrimental to the child due to the strength of the parent-child relationship. If a child, age 10 or older, objects to termination, the objection should be carefully considered. If a child this age opposes termination, efforts to provide him a stable, permanent environment may well be defeated, and the benefits from termination are certainly not sufficiently clear in this case to justify overriding the child's wishes. The admitted trauma to the older boy in again uprooting him against his expressed wishes is not to be lightly required. The evidence does not satisfy us that the trial judge erred in his determination. See Wald, "State Intervention on Behalf of 'Neglected' Children: Standards for Removal of Children from their Homes, Monitoring the Status of Children in Foster Care, and Termination of Parental Rights." 28 Stan. L.Rev., 623 at 696–697.

The judgment is affirmed on both the original appeal and the cross appeal.

All concur.