James David BRYANT, as next friend for Thomas, Jr., David and Mary Ann Meadows, infants, et al., Appellants,

v.

KENTUCKY DEPARTMENT FOR HUMAN RESOURCES and Bureau for Social Services, Russellville, Kentucky, Appellees.

Court of Appeals of Kentucky.

March 4, 1977.

James David Bryant, Harlin, Parker & Rudloff, Bowling Green, for appellants.

Lynn T. Mitchell, Office of the Counsel Dept. for Human Resources, Frankfort, for appellees.

Before WHITE, HOGGE and LESTER, JJ.

WHITE, Judge.

This case involves the custody of children born to Thomas and Judy Meadows. As a result of proceedings in Logan County Juvenile Court, all three children are presently in the temporary custody of the Kentucky Department for Human Resources. The Department of Human Resources contends that the Meadows children are needy, neglected, and dependent; and therefore filed an action to involuntarily terminate the Meadows' parental rights. The parents, in their petition for Habeas Corpus, contend they are entitled to the immediate custody of their children because of alleged procedural irregularities in the Juvenile Court proceedings.

The circuit court consolidated the two petitions and held a full-blown hearing on the matter. The court found that the three children were physically abused and mistreated while in the custody of their parents. The circuit court then ordered the petition for Habeas Corpus dismissed and terminated parental rights.

It appears from the evidence that on May 18, 1970, a hearing was held in the Logan County Juvenile Court and Thomas Meadows, Jr., and David Meadows were found to be dependent children and were ordered committed to the Department of Child Welfare (now Human Resources). There is medical testimony that David Meadows, an infant less than four months old, had multiple fractures, several of which were old, untreated fractures, in various stages of healing. There is evidence that Thomas Meadows, Jr., had suffered two untreated fractures prior to his commitment. No summons was issued for this hearing and no attorney was present for the Meadows. The evidence is conflicting as to whether or not the Meadows appeared voluntarily.

On May 26, 1972, a second hearing was held in the Logan County Juvenile Court in which Mary Ann Meadows, a third child of Thomas and Judy Meadows, was found to be a dependent child. The basis for this finding was that there were bruises on the back and buttocks of Mary Ann Meadows which in the examining physician's opinion, were caused by blows. She was then committed to the Department of Child Welfare (now Human Resources). A defective summons was issued before this hearing. The evidence is conflicting as to whether the Meadows were represented by counsel.

There is conflicting evidence as to whether Mr. Meadows agreed to the temporary commitment of all three children. The evidence also is conflicting as to the Meadows' ability and fitness to care for their children.

Appellants now contend that the circuit court erred in 1) dismissing the petition for Habeas Corpus without reaching the merits; and 2) involuntarily terminating the parental rights of the Meadows because such action was contrary to the evidence and to the best interests of the children.

■ The trial court had dismissed the petition for Habeas Corpus on the grounds that there was a similar suit pending in the Federal District Court. We need not decide whether this was error for there is authority for the trial judge's decision. In *Moore v. Dawson,* Ky., 531 S.W.2d 259 (1975), it was held that a trial judge could properly deny a petition for habeas corpus where it was being used as a vehicle to regain custody of children not illegally detained or imprisoned. We adhere to the rule in this jurisdiction that a correct decision will not be disturbed on appeal merely because the trial court gave a wrong or insufficient reason therefore.

We come now to appellants' second contention that the findings and judgment of the trial court are contrary to the evidence and against the best interests of the children.

Appellant contends in his brief and in oral argument that the findings of fact of the trial court are insufficient. However, appellant has not preserved this error, if any, by a written request or motion pursuant to CR 52.04.

■ Appellant further contends that the Department for Human Resources must prove child abuse by the parents before parental rights can be involuntarily terminated. We do not accept this interpretation of the statute. Ky.Rev.Stat. § 199.011(4) defines a "neglected child" as any child "who is under such improper parental care and control or guardianship as to injure or endanger the morals, health or welfare of himself or others." We find the evidence amply demonstrated that the three children come within this definition, in that they suffered injuries for which the parents delayed or neglected to seek medical attention. We cannot say that the trial judge erred in directing the involuntary termination of parental rights.

■ Furthermore, we feel that the trial court's consolidation of these two petitions was permissible under *Galloway v. Pruitt,* Ky., 469 S.W.2d 556 (1971). When, as here, a full-blown hearing is then held, all claims of immediate entitlement to custody by reason of irregularities in the county juvenile court proceedings are merged into an award, if any, of permanent entitlement to custody. Ky.Rev.Stat. § 208.020(7); *Allen v. Dept. for Human Resources,* Ky., 540 S.W.2d 597 (1976).

■ In this kind of case, the court is also of the opinion that it is not in the best interests of the child for the trial court to permit the litigants to delay the adjudication of custody for more than three years. In both *Galloway v. Pruitt, supra,* and *Moore v. Dawson, supra,* it is stated that "The trial judges will accord priority to proceedings of this nature and will deal with the issues expeditiously, within the framework of due process."

The judgment is affirmed.

All concur.