v.

**COMMONWEALTH of Kentucky, CABINET FOR HEALTH AND FAMILY SERVICES; and R.M., Appellees.**

No. 2013–CA–001138–ME.

Court of Appeals of Kentucky.

March 14, 2014.

97. *Weishuhn,* 756 N.W.2d at 498.

Richard D. Null, Paducah, KY, for appellant.

No Brief filed for appellee.

Before CLAYTON, JONES, and TAYLOR, Judges.

## OPINION

CLAYTON, Judge:

B.D. appeals the order of the Calloway Family Court dismissing a petition for custody of her three minor children because the statute cited was intended for appellate review of district court rulings in dependency, neglect, and abuse cases. After careful review, we reverse and remand for proceedings consistent with this opinion.

B.D. is the mother of three minor children. Two children were removed from her custody following a dependency, neglect, and abuse proceeding, and another child was removed from her custody at birth. On May 31, 2013, B.D. filed a "petition for immediate entitlement" of the three children in Calloway Circuit Court. The Calloway Family Court dismissed the petition on that same day. It its order dismissing the petition the family court held that Kentucky Revised Statutes (KRS) 620.110 is intended for appellate review of district court orders in dependency, neglect, and abuse cases, and because the rulings herein were made in family court, the matter should be appealed to the court of appeals.

B.D. appeals this decision.

The language of KRS 620.110 permits a person who has been aggrieved by the issuance of a *temporary* removal order to file a petition in circuit court for immediate entitlement to custody whereupon the court shall expeditiously hold a hearing according to the rules of civil procedure.

It is axiomatic that an appeal may only be taken from a decision that is final and appealable with no just reason for delay, or it is interlocutory. Kentucky Rules of Civil Procedure (CR) 54.02. B.D. filed a petition under KRS 620.110, since the orders regarding the removal of her children were temporary. Because the orders are temporary, they are not ripe for appeal, that is, they are not final and appealable. The requirement of CR 54.02(1) is mandatory and in the absence thereof "the order is interlocutory and subject to modification and correction before becoming a final and appealable judgment or order." *Wilson v. Russell,* 162 S.W.3d 911, 913 (Ky.2005).

More significant to our analysis, however, is that KRS 620.110 does not refer to an appeal of a temporary custody order. It is, in fact, an original action. The plain meaning of the statute so indicates:

Any person aggrieved by the issuance of a temporary removal order may file a petition in Circuit Court for immediate entitlement to custody and a hearing shall be expeditiously held according to the Rules of Civil Procedure. During the pendency of the petition for immedi-

ate entitlement the orders of the District Court shall remain in effect.

KRS 620.110. Historically, a common law petition for immediate entitlement was an original action "in the nature of habeas corpus." *Moore v. Dawson,* 531 S.W.2d 259, 262 (Ky.1976). Therefore, the family court erred in treating B.D.'s petition for immediate entitlement pursuant to KRS 620.110 as an appeal of the temporary custody order.

Jurisdiction of family court is defined in KRS 23A.100 and KRS 23A.110. It encompasses dissolution of marriage; spousal support and equitable distribution; child custody, support and visitation; paternity and adoption; domestic violence; dependency, neglect, and abuse; termination of parental rights; and lastly, status offenses. So, although the previous court system assigned ·dependency cases to district court and custody cases to circuit court, now family court is responsible for handling dependency cases and custody cases. Therefore, a "petition for immediate entitlement" is a child custody case and would be heard in the family court where the children are located.

We reverse the decision of the Calloway Family Court and remand for a hearing pursuant to B.D.'s "petition for immediate entitlement."

ALL CONCUR.