KRAMER, JUDGE
In a show cause order entered December 22, 2017, the Court ordered appellants to show good cause why the above-styled appeals should not be dismissed as premature based on the fact disposition had not occurred. Appellants thereafter filed a timely response. For the reasons that follow, appellants' arguments lack merit. Consequently, these appeals are hereby dismissed because they are from interlocutory orders.
The relevant procedural history of these cases is straightforward. After a hearing, adjudication orders were entered in all three underlying cases on September 29, 2017. Disposition was set for November 16, 2017; however, prior to this hearing, appellants filed the above-listed appeals. Thereafter, the circuit court entered an order cancelling further proceedings and finding that the appeal divested the circuit court of jurisdiction. Appellants filed a motion to alter, amend, or vacate this order, pursuant to Kentucky Rule of Civil Procedure (CR) 59.05. The circuit court denied the motion. No dispositional orders have been entered since the filing of these appeals.
Pursuant to Kentucky Revised Statute (KRS) 620.155, a parent aggrieved by a proceeding in a dependency, neglect, or abuse case may appeal as a matter of right. The statute, however, does not delineate with particularity the type of proceeding that may be appealed. Juvenile proceedings, including dependency, neglect, and abuse (DNA) actions, are bifurcated proceedings, i.e. , they consist of two distinct hearings, adjudication and disposition. KRS 610.080. In the present cases, we must decide whether the rights of all *852 parties have been fully adjudicated for purposes of appellate review in the absence of the completion of both the adjudication and disposition hearings.
Civil Rule 54.01 defines a "judgment" as "a written order of a court adjudicating a claim or claims in an action or proceeding. A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding...." The orders must have conclusively determined the rights of the parties in regard to that particular phase of the proceeding before an appeal can be taken from them. Consequently, we are primarily tasked with determining for the purposes of an appeal whether an adjudication order pursuant to KRS 610.080 finally determines "all the rights of all the parties in an action or proceeding[.]" CR 54.01.
Upon researching the matter, we cannot locate any published cases on point. The Court has, however, previously determined in several unpublished opinions that disposition is the point of finality. See, e.g. , D.K. v. S.M. , 2011-CA-002103-ME, 2012 WL 2951444 (Ky. App. July 20, 2012) ; M.F. v. M.F. , 2005-CA-002208-ME, 2006 WL 3751358 (Ky. App. Dec. 22, 2006).[1] This line of cases is persuasive and consistent with orderly appellate procedures pursuant to CR 54.01. Based on the foregoing, the Court holds that a disposition order, not an adjudication order, is the final and appealable order with regard to a decision of whether a child is dependent, neglected, or abused.
Because these appeals were not taken from a final order, the appeals are clearly interlocutory. There being no final order from which an appeal can be taken in the present cases, these appeals must be dismissed.
The Court pauses to note that although the merits are not properly before the Court at this time, we have reviewed the adjudication orders in the above-styled cases. They do not contain any written findings beyond a sentence that the "court [made a] finding of neglect/abuse." In actions tried without a jury, the court is required to "find the facts specifically and state separately its conclusions of law thereon[.]" CR 52.01. Compliance with CR 52.01 requires written findings of fact. Keifer v. Keifer , 354 S.W.3d 123, 124 (Ky. 2011). The Court has previously found the lack of written findings in DNA actions to be reversible error. A.S. v. Cabinet for Health and Family Services , 2017-CA-000248-ME, 2017-CA-000249-ME, 2017-CA-000250-ME, 2017-CA-000251-ME, 2017-CA-000252-ME, 2018 WL 297260 (Ky. App. Jan. 5, 2018) ; A.S.M. v. Cabinet for Health and Family Services , 2013-CA-002159-ME, 2014 WL 4536341 (Ky. App. Sept. 12, 2014).[2]
It is ORDERED that the above-listed appeals be and hereby are DISMISSED.

We cite to these unpublished cases pursuant to CR 76.28(4)(c), given that we cannot locate a published case on point.

We cite to these unpublished cases only for purposes of illustration.