RENDERED: APRIL 2, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0693-ME

S.F.                                                                                    APPELLANT

v.
APPEAL FROM MEADE CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE, JUDGE
ACTION NO. 19-CI-00336

HONORABLE STEVEN R.
CREBESSA; COMMONWEALTH OF
KENTUCKY CABINET FOR
HEALTH AND FAMILY SERVICES;
J.F.; J.F.; AND M.F.                                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, KRAMER, AND MAZE, JUDGES.

KRAMER, JUDGE: S.F. ("Mother") appeals from an order of the Meade Circuit

Court denying her request for a writ of prohibition to prevent the Meade District

Court from entering a permanent custody order in a dependency, neglect, and

abuse ("DNA") action. We affirm the circuit court.

Before we begin our analysis, we note that Mother failed to file a designation of record pursuant to Kentucky Rule of Civil Procedure (CR) 75.01. As a result, we do not have the DNA record from the district court before us. It is evident that the circuit court, in denying Mother's petition for a writ of prohibition, did have access to the district court record.[1] The limited record before us, in combination with the briefs submitted, is extremely confusing in terms of what has happened procedurally in the DNA action. For example, in her petition to the circuit court, Mother states that "[a]n Adjudication Order was entered by the Meade District Court on March 21, 2019 in the DNA Action ('3/21 Order'). A timely appeal is presently pending before [the circuit court] 19-XX-0008." However, in her brief to this Court, Mother refers to the same order entered on March 21, 2019, as the dispositional order. The circuit court order denying Mother's petition states that the disposition hearing was held by the district court on May 9, 2019.[2] Furthering our confusion, Mother states in her brief to this Court that the district court awarded temporary custody of the minor child ("Child") to

---

[1] In the hearing before the circuit court, the court read directly from orders entered by the district court.

[2] This Court has held that that "a disposition order, not an adjudication order, is the final and appealable order with regard to a decision of whether a child is dependent, neglected, or abused." *J.E. v. Cabinet for Health and Family Services*, 553 S.W.3d 850, 852 (Ky. App. 2018). Regardless of which district court order was appealed, we note that Mother acknowledges the circuit court affirmed the district court and that the district court order is now final.

J.F., a relative. This is inconsistent with the record before us wherein Mother

states in a motion to the circuit court that "[Mother] testified that in the DNA

Action in the District Court [Child] was originally placed with her paternal uncle,

[J.F.], but custody was later removed and placed with the Cabinet [for Health and

Family Services] due to the individual not being able to financially meet the child's

medical needs." As a result, we do not know if Child is currently in the custody of

the Cabinet for Health and Family Services ("CHFS") and placed with J.F. or if

J.F. has custody of Child.[3] This distinction is important for reasons explained later

in this opinion.

        This Court has repeatedly held that it is an appellant's responsibility

to ensure that we have the complete record for our review.

> In *Hatfield v. Commonwealth*, 250 S.W.3d 590 (Ky.
> 2008), the Supreme Court of Kentucky discussed the
> appellant's burden to present a complete record to
> support his appeal:
>
> > Appellant has a responsibility to present a
> > "complete record" before the Court on appeal.
> > *Steel Technologies, Inc. v. Congleton*, 234 S.W.3d
> > 920, 926 (Ky. 2007). "Matters not disclosed by
> > the record cannot be considered on appeal."
> > *Montgomery v. Koch*, 251 S.W.2d 235, 237 (Ky.
> > 1952); *see also Wolpert v. Louisville Gas & Elec.
> > Co.*, 451 S.W.2d 848 (Ky. 1970) (holding that our

---

[3] We note that J.F. did not file a brief in this action. CHFS filed the only appellee brief submitted to this Court. CHFS's brief was not helpful in clarification of whether Child is in the custody of CHFS and placed with J.F. or if J.F. has custody of Child. CHFS's brief stated only that it "accepts the Appellant's Statement of the Case."

> predecessor court could not review contentions of prejudice before the jury when the only basis for the argument was the Appellant's brief, because review is confined to the record). Appellant may not raise allegations of error on appeal "based entirely on a silent record." *Commonwealth v. Thompson*, 697 S.W.2d 143, 144 (Ky. 1985). Further, "[i]t has long been held that, when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court." *Id.* at 145.
>
> *Hatfield*, 250 S.W.3d at 600-01.

*Ray v. Ashland Oil, Inc.*, 389 S.W.3d 140, 145 (Ky. App. 2012); *see also K.M.E. v. Commonwealth*, 565 S.W.3d 648, 654 (Ky. App. 2018).

We review petitions for a writ of prohibition based on lack of jurisdiction *de novo* because it is primarily a question of law. *See Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004). However, our review is inhibited by the lack of a complete record before us, and we are compelled to assume that the omitted records support the circuit court's order. *Hatfield*, 250 S.W.3d at 600-01. We conclude, nonetheless, that even the partial record we have before us supports that the circuit court made a correct decision on this matter.

KRS[4] 620.027 provides, in relevant part,

> [t]he District Court has jurisdiction, concurrent with that of the Circuit Court, to determine matters of child custody and visitation in cases that come before the District Court where the need for a permanent placement and custody order is established as set forth in this

---

[4] Kentucky Revised Statute.

-4-

chapter. The District Court, in making these determinations, shall utilize the provisions of KRS Chapter 403 relating to child custody and visitation.

Mother's primary argument to this Court is, essentially, that once a district court enters a dispositional order in a DNA action, it lacks jurisdiction to enter any orders pertaining to permanent custody of the child. She also contends that the district court lacks jurisdiction to enter *any* orders regarding custody or visitation of Child. In doing so, Mother coins the phrase "specific case jurisdiction," but her argument is without merit and without basis in the law. Indeed, she cites to no legal precedent to support her assertion. We agree with the circuit court's well-reasoned analysis:

> The essence of [Mother's] argument is that KRS 620.027 only allows a District Court to determine child custody and visitation where the need for a permanent placement and custody order is established. However, a close reading of that statute provides that the District Court and the Circuit Court have concurrent jurisdiction to determine child custody and visitation where there is a need for permanent placement and custody order.
>
> KRS 620.090 provides clearly that after a temporary removal hearing, the Court upon proper findings shall 'grant temporary custody' to [CHFS] or other appropriate person or agency.
>
> [Mother] interprets KRS 610.010(9)[5] and KRS 620.027 to limit the jurisdiction of the District Court when

---

[5] KRS 610.010 deals with district court jurisdiction over juvenile matters. Subsection (9) provides that

-5-

deciding temporary child custody to situations "where the need for a permanent placement and custody order is established as set forth in this chapter[.]" KRS 620.027. However, [Mother] is interpreting this statute in a restrictive manner. KRS 620.027 was not meant to limit the District Court jurisdiction in custody orders on a temporary basis to situations where a need for permanent custody has been established, but was meant to <u>expand</u> the jurisdiction of the District Court, concurrent with the Circuit Court to enter <u>permanent</u> custody orders.

Mother's assertion that the district court lacks jurisdiction to award permanent custody is without basis in the law. KRS 610.125(1) provides that when a child has been removed from his home and placed in the custody of the Cabinet, the court shall conduct a permanency hearing no later than twelve months after placement and every twelve months thereafter. The purpose of this is "to determine the future status of the child." *Id.* To that end, the court must address whether the child should be placed for adoption or with a permanent custodian. As

[i]f the court finds an emergency to exist affecting the welfare of a child, or if the child is eligible for the relative or fictive kin caregiver assistance as established in KRS 620.142, it may make temporary orders for the child's custody; however, if the case involves allegations of dependency, neglect, or abuse, no emergency removal or temporary custody orders shall be effective unless the provisions of KRS Chapter 620 are followed. Such orders shall be entirely without prejudice to the proceedings for permanent custody of the child and shall remain in effect until modified or set aside by the court. Upon the entry of a temporary or final judgment in the Circuit Court awarding custody of such child, all prior orders of the juvenile session of the District Court in conflict therewith shall be deemed canceled. This section shall not work to deprive the Circuit Court of jurisdiction over cases filed in Circuit Court.

-6-

previously stated, because of the limited record before us, we do not know with certainty if Child is in the custody of CHFS and placed with J.F. or if J.F. has temporary custody of Child, so it is unclear if KRS 610.125 is applicable. It is also unclear from the record before us if J.F. or CHFS has motioned the district court regarding permanent custody of child. Regardless, an award of permanent custody within a DNA action is within the jurisdiction of the district court as provided in KRS 620.027.

Mother fails to grasp the distinction between custody in the context of a DNA action pursuant to KRS Chapter 620 and a true custody action. *Even if* a district court awards permanent custody in a DNA action, it is not necessarily a custody decree. This Court has explained the distinction, noting,

> a [permanency] hearing and an award of custody are not precluded by the structure of KRS Chapter 620, so long as the proper procedures are followed. *See London v. Collins,* 242 S.W.3d 351, 356 (Ky. App. 2007) ("if a permanency order in a dependency action brought under Chapter 620 complies with KRS 403.270(2) and is based on the best interests of the child, determined after considering the factors set out in that statute, we . . . believe [that] it would qualify as a 'custody decree' and that the requirements of KRS 403.340 would have to be satisfied in order to amend it."). We are mindful, though, of our holding in *S.R. v. J.N.*, 307 S.W.3d 631 (Ky. App. 2010), in which we specifically addressed the differences between DNA and custody cases: "**The purpose of the dependency, neglect, and abuse statutes is to provide for the health, safety, and overall well-being of the child. KRS 620.010. It is not to determine custody rights which belong to the parents.** A dependency,

neglect or abuse adjudication hearing is simply not the appropriate forum for rehashing custody issues." *Id.* at 637.

*N.L. v. W.F.*, 368 S.W.3d 136, 147 (Ky. App. 2012) (emphasis added) (internal footnote omitted).[6]

Accordingly, for the reasons stated herein, the order of the Meade Circuit Court denying Mother's request for a writ of prohibition is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE COMMONWEALTH OF KENTUCKY CABINET FOR HEALTH AND FAMILY SERVICES: |
|---|---|
| Harry B. O'Donnell IV Louisville, Kentucky | |
| | Michael M. Ferguson Elizabethtown, Kentucky |

---

[6] Mother points out that she filed for divorce from Child's father in the Meade Circuit Court during the pendency of the DNA action. She states that no orders have been entered in that case regarding custody and visitation of Child.