RENDERED: MARCH 25, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0057-MR

JESSICA ANDERSON                                                    APPELLANT


                        APPEAL FROM MEADE CIRCUIT COURT
v.            HONORABLE KENNETH H. GOFF, II, JUDGE
                        ACTION NO. 19-CI-00056


CABINET FOR HEALTH AND
FAMILY SERVICES; AND
BRITTANY WINSOR

                                                                APPELLEES

AND


NO. 2020-CA-0059-MR

JESSICA ANDERSON                                                    APPELLANT


                        APPEAL FROM MEADE CIRCUIT COURT
v.            HONORABLE KENNETH H. GOFF, II, JUDGE
                        ACTION NO. 19-CI-00056


CABINET FOR HEALTH AND
FAMILY SERVICES; AND
BRITTANY WINSOR                                                    APPELLEES

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: Jessica Anderson (mother) brings these consolidated appeals from a December 10, 2019 order dismissing her petition for immediate entitlement to custody of her minor child, K.N.E., and a separate order entered on December 10, 2019, denying her motion to recuse. We affirm.

## I. BACKGROUND

Mother is the biological mother of two children, K.N.E. (D.O.B. April 11, 2012) and V.K. (D.O.B. August 26, 2018). Each child has been the subject of several proceedings in Meade District and Circuit Courts. The instant appeal concerns Meade Circuit Court case number 19-CI-00056, a petition for immediate entitlement to custody filed by mother against appellees Cabinet for Health and Family Services (the Cabinet) and Brittany Winsor (Winsor) pursuant to KRS[1] 620.110. While the petition was filed as to both children, for reasons not relevant to this Opinion, this appeal concerns only K.N.E.

K.N.E. has been the subject of two dependency proceedings in Meade District Court as well as a separate Meade Circuit Court action, case number 17-

---

[1] Kentucky Revised Statutes.

-2-

CI-00372, in which Winsor was first designated as her *de facto* custodian. None of these cases is before this Court. The sole issue before us is whether the circuit court erred in its handling of mother's KRS 620.110 petition.

The dependency proceedings concerning K.N.E. have a complex procedural history which we need not recount in their entirety. Mother's KRS 620.110 petition concerned an order entered by the district court on October 31, 2018 removing K.N.E.'s maternal grandmother, Michelle Anderson, as her temporary custodian and replacing her with Winsor. The district court's order did not address the rights of mother, who had already lost temporary custody of K.N.E. but retained visitation rights.

The Cabinet filed a second dependency case concerning K.N.E. on November 22, 2018.[2] On December 4, 2018, the district court entered an order mirroring the orders in place in the first dependency case. Ultimately, the district court scheduled an adjudication hearing on custody for March 28, 2019.

Mother filed the petition underlying this appeal in circuit court on March 13, 2019. No other action was taken in the case prior to the March 28, 2019 hearing in the district court dependency case. The district court issued an adjudication order in the dependency case on March 29, 2019, finding that K.N.E.

---

[2] The Cabinet's reasons for doing so are not clear from the record.

was a neglected or abused child, and granting Winsor custody. On September 12, 2019, the district court entered a consistent disposition order.

After the final adjudication of the district court case, mother moved the circuit court in the instant case for a default judgment, as neither the Cabinet nor Winsor had filed an answer. Winsor took the position that this proceeding was moot, as the temporary orders which formed the basis of the action had been subsumed by the September 12, 2019 disposition order. On December 10, 2019, the circuit court in the instant matter entered a final order denying mother's motion for default ("as the [circuit court] no longer has authority to grant the relief sought"), and dismissing the matter, with prejudice.

Mother also moved for the recusal of Judge Kenneth H. Goff, II as he had previously presided over related cases as a district judge. That motion was also denied. This appeal follows.

## II. ANALYSIS

Today we are called upon to review the very limited question before us – whether the circuit court correctly dismissed the underlying action as moot in the face of mother's motion for default. In this limited sense, there is a case or controversy before us. *See Louisville Transit Co. v. Dept. of Motor Transp.*, 286 S.W.2d 536, 537 (Ky. 1956) ("The circuit court dismissed the appeal because the

court was of the opinion that the issues raised . . . were moot. Accordingly, our review is limited to this aspect of the case.").

A petition for immediate entitlement to custody is a statutory cause of action. KRS 620.110 provides:

> Any person aggrieved by the issuance of a temporary removal order may file a petition in Circuit Court for immediate entitlement to custody and a hearing shall be expeditiously held according to the Rules of Civil Procedure. During the pendency of the petition for immediate entitlement the orders of the District Court shall remain in effect.

Under its plain terms, KRS 620.110 concerns relief from a temporary order of the district court. "The clear object of the statute is to permit parents to seek relief from a temporary order." *C.K. v. Cabinet for Health and Family Services*, 529 S.W.3d 786, 789 (Ky. App. 2017). The statutory mechanism is necessary because a temporary custody order is interlocutory and therefore cannot be reviewed under an ordinary appellate process. *B.D. v. Cabinet for Health and Family Services*, 426 S.W.3d 621, 622 (Ky. App. 2014). Once a temporary custody order is superseded by a final and appealable order of the court, KRS 620.110 is of no utility. An aggrieved party then has a right to a direct appeal. In dependency, neglect, and abuse (DNA) cases, the disposition order is the final order from which an appeal may be taken. *J.E. v. Cabinet for Health and Family Services*, 553 S.W.3d 850, 852 (Ky. App. 2018).

"[A] petition for immediate entitlement to custody . . . provides [a tool] to parents who are unhappy with a district or family court's decision regarding temporary custody following a temporary removal hearing." *C.K.*, 529 S.W.3d at 789.

KRS 620.110 petitions "are not considered appeals of the temporary order of removal, however, but are considered original actions 'in the nature of *habeas corpus*.'" *C.K.*, 529 S.W.3d at 789 (quoting *B.D.*, 426 S.W.3d at 623). By necessity, these proceedings are somewhat truncated. Specifically, the statute requires the circuit court to "expeditiously" conduct a hearing on the petition.[3] It is extraordinarily important for the circuit court to act promptly in complying with its

---

[3] We have held that in adjudicating a petition for immediate custody, the circuit court should apply the best interest standard:

> The appropriate legal consideration on a petition for immediate entitlement to custody following removal of a child under KRS 620.080 is, and must be, that which is announced within the juvenile code. Notwithstanding the fact that a petition for immediate entitlement is treated as an original action akin to a writ of *habeas corpus*, it would be legally impractical to apply one standard at removal and another, far more exacting standard upon a circuit court's review of the very same circumstances. The juvenile code, and specifically its provision for removal and the temporary orders which usually ensue, "strikes the balance between parental rights and child protection by erring on the side of child protection." 15 Graham & Keller, *Kentucky Practice, Domestic Relations Law*, § 15.10 at 512 (2nd ed. 2000). . . . [I]t remains the case that "[i]n determining the temporary custody of a child found to be dependent, neglected, or abused, the family court shall make its determination based on the best interests of the child." *B.C.*, 182 S.W.3d at 218 (citation omitted).

*C.K.*, 529 S.W.3d at 790.

statutory duty; otherwise, the statute is rendered a nullity. This is so because the orders being challenged are "temporary, they are not ripe for appeal, that is, they are not final and appealable." *B.D.*, 426 S.W.3d at 622. Entry of a final and appealable order in the underlying action moots a KRS 620.110 petition for immediate custody. Thus, to ascertain the correctness of the circuit court's dismissal, we must determine whether a final and appealable order addressing custody had been entered in the underlying DNA action prior to the dismissal.

In DNA actions, the lower court's orders become final and appealable after entry of the disposition order. Our Supreme Court recently explained as follows:

> Under KRS 610.080, DNA actions are bifurcated proceedings, *i.e.*, they involve two distinct hearings: adjudication and disposition. The adjudication determines the truth or falsity of the allegations in the DNA petition, while the disposition determines the action to be taken by the court on behalf of the child or children. The rights of all parties to a DNA action are not fully adjudicated for the purposes of appellate review until both the adjudication and disposition hearings have been completed. Accordingly, a disposition order, not an adjudication order, is the final appealable order with regard to a decision of whether a child is dependent, neglected, or abused.

*M.C. v. Cabinet for Health and Family Services*, 614 S.W.3d 915, 920-21 (Ky. 2021) (internal quotation marks, citations, and footnotes omitted).

In this case, mother filed her petition for immediate custody on or about March 13, 2019. While an adjudication order was issued a short time later, on March 29, 2019, the petition seeking immediate custody was not mooted until entry of the district court's September 12, 2019, disposition order. At this point, there was a final and appealable order relating to the DNA action and the custody decisions made as part of that action.[4] *See id.* The circuit court's dismissal order was entered in December 2019, approximately three months after the final and appealable disposition order. The circuit court was correct to dismiss the petition as moot. Accordingly, we affirm the circuit court's dismissal.

Aside from the mootness issue, Appellant's argument that she was entitled to a default judgment in this matter is misplaced. "'Petition' means a verified statement, setting forth allegations in regard to the child, which initiates formal court involvement in the child's case[.]" KRS 600.020(48). As related to a motion for default, CR 12.02 applies to answers to pleadings. Pleadings are defined in CR 7.01; they include a complaint, answer, reply to a counterclaim, answer to a cross-claim, a third-party complaint, and a third-party answer. CR 7.01. Petitions are not included in the definition of pleadings. As such, CR 12.02's time limits do not apply to mother's petition, making her default motion

_____

[4] Specifically, the disposition order directed that custody of the child was to remain with Windsor.

improper. This makes sense in the realm of child custody determinations. Custody should be determined according to what is best for the child; it should never be awarded on the basis of default. Additionally, we have characterized KRS 620.110 petitions as being in the nature of original actions. Responses are discretionary, not mandatory, in original actions. CR 76.36(2) (emphasis added) ("The party against whom relief is sought and real party in interest . . . *may* within 20 days after the date of filing of the petition file a response[.]").

This case does not fall under the "public interest" exception to the mootness doctrine. Mother argues that the public interest exception applies such that the circuit court should have adjudicated her petition notwithstanding the mootness doctrine. She contends that DNA actions are of vital importance to Kentucky families such that the procedural irregularities she complains about in her petition need to be addressed. However, the alleged procedural irregularities occurred during and as part of the DNA action. Mother could have filed an appeal following entry of the disposition order. Therein, she could have raised the procedural issues. Therefore, we cannot conclude that the circuit court erred in not applying the public interest exception to the mootness doctrine.

With this said, we would be remiss not to point out we are concerned by the fact that no hearing was conducted on Mother's petition from the date it was filed in March 2019 through entry of the final disposition order in September 2019,

a period of approximately six months. Without a sufficient reason, this can run afoul of KRS 620.110's mandate that the circuit court "shall . . . expeditiously" hold a hearing once a petition seeking immediate custody is filed. KRS 620.110. We cannot decipher any viable reasons for the delay in doing so in this case. However, at this juncture, it is too late for us to remedy any such procedural defect because a remand would have no effect given that a disposition order has already been entered.

Since review of the mootness issue is conducted *de novo* and because the circuit court's dismissal on that basis was correct, it is unnecessary for us to consider whether the circuit court erred with respect to recusal.

> Ultimately, however, there is no need for this Court to address the substance of appellants' allegations. As explained above, this appeal involves a *de novo* review by this Court of questions of law. Because there are no discretionary decisions at issue, we grant no deference to the circuit court's rulings. Therefore, any action by the circuit judge which allegedly may have been improper is irrelevant.

> Additionally, it should be noted that because we are affirming every dismissal granted by the circuit court, there is no concern about the possibility of further proceedings at the circuit court level. Therefore, there is no way in which appellants could be or could have been prejudiced by the conduct of the circuit judge.

*James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002).

### III. CONCLUSION

For the reasons set forth above, we affirm the Meade Circuit Court's order denying mother's motion for default judgment and dismissing the matter below as moot.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE BRITTANY WINSOR: |
|---|---|
| Jonathan D. Miller<br>Louisville, Kentucky | Christopher D. Bush<br>Jonathan S. Ricketts<br>Louisville, Kentucky |