RENDERED:  NOVEMBER 21, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1351-ME

F.M.                                                                                          APPELLANT


v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE BRYAN D. GATEWOOD, JUDGE
ACTION NO. 23-J-503541-001


CABINET FOR HEALTH AND
FAMILY SERVICES; F.I.M., JR., A
MINOR CHILD; G.D.; AND
JEFFERSON COUNTY ATTORNEY                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, L. JONES, AND KAREM, JUDGES.

JONES, A., JUDGE:  This case arises from the attempts of F.M. ("Father") to set aside a stipulation he entered in a dependency, neglect, and abuse ("DNA") proceeding.  In October 2023, with the advice of counsel, Father stipulated that his conduct had placed his minor child at risk of abuse.  The family court accepted the stipulation, and Father was later placed on the Child Abuse and Neglect Central

Registry,[1] which ultimately cost him his employment as a public-school teacher. Nearly eight months after entering the stipulation, Father sought to undo it. The family court denied relief, finding that Father was represented by competent counsel, entered his stipulation knowingly and voluntarily, and that no legal duty existed to advise him of every potential collateral consequence.

For the reasons that follow, we affirm.

## I. BACKGROUND

On May 24, 2023, police were called to this family's home after an altercation between Father and G.D. ("Mother"). Mother later reported that Father grabbed her by the hair, dragged her through a window into a sunroom, and struck her, leaving visible bruises. A.A., Father's stepdaughter, recounted this incident as well and described other occasions of verbal and physical abuse in the home.

In August 2023, Mother petitioned for protective relief, and the Jefferson Family Court entered a domestic violence order ("DVO") by agreement of the parties.[2] That order prohibited Father from contacting Mother and A.A. for three years. In September 2023, relying on the same events and related allegations, the Cabinet for Health and Family Services ("Cabinet") filed the underlying DNA action.

---

[1] 922 Kentucky Administrative Regulations ("KAR") 1:470.

[2] While the domestic violence order is not before us on appeal, a copy was included in the certified record.

On October 26, 2023, Father, represented by counsel, executed a written stipulation on the AOC-DNA-18 form, waiving a formal adjudication hearing. In the stipulation, Father acknowledged that his prior agreement to the domestic violence order formed the basis for the DNA petition and that his conduct placed the children at risk of abuse. The form was signed by Father, his counsel, counsel for Mother, the children's attorney, and the County Attorney. In open court, Father affirmed under oath that he had reviewed the form with his attorney, had sufficient time to consider it, was not under the influence of drugs or alcohol, and was entering the stipulation knowingly and voluntarily.

Several months later, Father was placed on the Child Abuse and Neglect Central Registry, which resulted in the loss of his employment as a public-school teacher. In June 2024, he moved to set aside the October 2023 stipulation, arguing that it was not knowingly or intelligently made because neither counsel nor the court advised him that the stipulation could affect his teaching career. The family court denied the motion by order entered July 23, 2024, finding that Father had been represented by competent counsel, that he knowingly and voluntarily entered the stipulation, and that he challenged only the collateral consequences of the stipulation rather than its validity. The court also concluded it had no duty to warn of all potential "collateral" consequences and noted that the Cabinet, the

-3-

County Attorney, and the Guardian *ad Litem* had relied on the stipulation to avoid trial.

Father later filed a CR[3] 59.05 motion to alter, amend, or vacate, which the family court denied on September 26, 2024. The court reiterated that Father had been represented by competent counsel and knowingly entered the stipulation, and it emphasized that its duty was to protect children, not to safeguard the employment status of parents. The court concluded that Father had shown no legal basis for relief under CR 59.05. This appeal followed.

## II. STANDARD OF REVIEW

We review the family court's findings of fact under a clearly erroneous standard, giving due regard to the opportunity of the family court to judge the credibility of the witnesses. *Blackaby v. Barnes*, 614 S.W.3d 897, 900 (Ky. 2021). If the findings are supported by substantial evidence and the correct law is applied, the family court's ultimate decision will not be disturbed absent an abuse of discretion. *Coffman v. Rankin*, 260 S.W.3d 767, 770 (Ky. 2008). Abuse of discretion implies that the decision is unreasonable or unfair. Thus, the test is not whether we would have decided the matter differently, but whether the family court's findings are clearly erroneous, whether it applied the correct law, or whether it abused its discretion. *B.C. v. B.T.*, 182 S.W.3d 213, 219-20 (Ky. App.

---

[3] Kentucky Rules of Civil Procedure.

2005). Questions of law, including the interpretation of statutes and application of legal standards, are reviewed *de novo*. *Osborne v. Commonwealth*, 185 S.W.3d 645, 648 (Ky. 2006).

## II. ANALYSIS

It is well established that parents are entitled to counsel in DNA and termination proceedings.

> We therefore hold, pursuant to both the due process clause of the Fourteenth Amendment to the United States Constitution and KRS 625.080(3) and 620.100(1), that the parental rights of a child may not be terminated unless that parent has been represented by counsel at every critical stage of the proceedings. This includes all critical stages of an underlying dependency proceeding in district court, unless it can be shown that such proceeding had no effect on the subsequent circuit court termination case.

*R.V. v. Commonwealth, Dep't for Health & Family Servs.*, 242 S.W.3d 669, 672-73 (Ky. App. 2007).

In *Z.T. v. M.T.*, 258 S.W.3d 31, 36-37 (Ky. App. 2008), this Court recognized that the statutory right to counsel logically includes the right to competent representation, and thus a parent may raise an ineffective assistance of counsel claim in this context. However, because DNA and termination proceedings are civil in nature, such claims do not derive from the Sixth

Amendment and cannot be pursued through RCr[4] 11.42. *Id.* As we held in *Z.T.*, such claims must be raised on direct appeal.

In a DNA case, the disposition order constitutes the final and appealable judgment. *J.E. v. Cabinet for Health & Family Servs.*, 553 S.W.3d 850, 852 (Ky. App. 2018). An appeal from the disposition order may encompass alleged errors that occurred during the adjudication phase. *Id.* Here, the family court entered the disposition order on October 26, 2023. Father did not file a direct appeal. Instead, several months later, he sought relief by motion in the court. Because ineffective assistance claims must be brought in a direct appeal from the disposition order, Father's attempt to raise the issue collaterally was untimely, and we affirm the family court on this basis. *Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991) (holding that an appellate court may affirm for any reason supported by the record).

Alternatively, we conclude that Father's claim lacks substantive merit. Assuming without deciding, that Father's DNA counsel had a duty to warn Father about any collateral consequences, loss of employment is not so permanent, dire, and certain that competent counsel would have been expected to advise Father about it. *Padilla v. Kentucky*, 559 U.S. 356 (2010). While counsel should have understood that Father's name would be placed on the registry, no attorney can

---

[4] Kentucky Rules of Criminal Procedure.

reasonably be expected to anticipate all collateral consequences that might flow from registry placement. Unlike deportation, which is automatic under federal law, the effect on employment depends on the independent policies and decisions of third parties. Father cites no authority that would have alerted his counsel to a legal certainty that employment termination would follow.

We also find no fault with the family court's conclusions that Father's stipulation was knowingly and voluntarily made and that his due process rights were not violated. Due process requires the family court to safeguard the fundamental fairness of a DNA proceeding, but we find no authority supporting Father's contention that due process obligates the court to conduct a colloquy equivalent to that required in criminal cases under *Boykin v. Alabama*, 395 U.S. 238 (1969). Here, the family court questioned Father, who affirmed that he was entering his stipulation voluntarily. The court later determined that Father's due process rights were not violated during the adjudication phase.

Lastly, we observe that sufficient evidence existed outside the context of the DNA proceeding for the Cabinet to have placed Father's name on the registry. Therefore, Father cannot show any prejudice from counsel's *alleged* incompetence.

By statute, the Cabinet must "promulgate administrative regulations to establish the central [child abuse] registry and the process for a background check

of the cabinet's child abuse and neglect records." KRS 620.051(2). The registry

enables individuals to request background checks of the Cabinet's records for

"professional, trade, or commercial purposes or for personal use." KRS

620.051(1).

> The governing administrative regulation provides:
>
> Section 2. Central Registry.
>
>> (1) The central registry shall include the name of each individual:
>>
>>> (a) Who has been found by the cabinet to have abused or neglected a child on or after October 1, 1998; and
>>>
>>> (b) 1. Who waived the right to appeal a substantiated finding of child abuse or neglect in accordance with:
>>>
>>>> a. 922 KAR 1:480;
>>>>
>>>> b. 922 KAR 1:320; or
>>>>
>>>> c. 922 KAR 1:330, Section 11; or
>>>
>>> 2. Whose substantiated incident was upheld upon appeal.

922 KAR 1:470. "Substantiated" means: "(a) An admission of abuse or neglect by

the person responsible; (b) A judicial finding of child abuse or neglect; or (c) A

preponderance of evidence exists that abuse or neglect was committed by the

caretaker." 922 KAR 1:330 § 1(19).

A separate administrative appeal process exists for individuals who believe they were wrongfully placed on the registry. *See Richie v. Cabinet for Health & Family Servs.*, No. 2023-CA-0900-MR, 2024 WL 2983523, at *1 (Ky. App. Jun. 14, 2024) ("Pursuant to 922 KAR 1:480, a person found by the Cabinet to have abused or neglected a child may appeal the Cabinet's investigative finding through an administrative hearing held in accordance with KRS Chapter 13B.");[5] *W.B. v. Commonwealth, Cabinet for Health & Family Servs.*, 388 S.W.3d 108, 111 (Ky. 2012).

Even if Father's plea in the DNA proceeding was disregarded, that alone would not require the removal of his name from the registry. In the separate EPO[6]/DVO proceedings, Father similarly stipulated to acts of domestic violence, leading the court to find that domestic violence had occurred. As the family court observed, the same underlying facts supported both the protection order and DNA cases. Accordingly, even in the absence of the DNA action, the Cabinet could have properly included and maintained Father's name on the registry.

---

[5] Pursuant to Kentucky Rule of Appellate Procedure 41, we cite to this unpublished opinion as persuasive authority, not binding precedent.

[6] Emergency Protective Order.

## IV. CONCLUSION

Because Father failed to pursue a direct appeal from the disposition order, his ineffective assistance of counsel claim was not timely raised. Moreover, even if timely raised, the record demonstrates that due process was satisfied, and Father's argument lacks merit. Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

John H. Helmers, Jr.
Melina Hettiaratchi
Louisville, Kentucky

BRIEF FOR APPELLEE:

Michael J. O'Connell
Jefferson County Attorney

David A. Sexton
Assistant Jefferson County Attorney
Louisville, Kentucky